Argued April 21; affirmed May 12, 1936

# STATE *v.* OSBOURNE
## (57 P. (2d) 1083)

*George Mowry,* of Portland, for appellant.

*Frank S. Sever,* Chief Civil Deputy District Attorney, and Joe P. Price, Deputy District Attorney, both of Portland (James R. Bain, District Attorney, and Albert M. Hodler, Deputy District Attorney, both of Portland, on the brief), for the state.

KELLY, J. In this case there are but two assignments of error. Both of them challenge the validity of the amendment to section 11, Article I of the Constitution of the state of Oregon, which was adopted by the people at the state-wide election held May 18, 1934. This amendment is as follows:

"* * * provided, however, that in the circuit court ten members of the jury may render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder, which shall be found only by a unanimous verdict, and not otherwise; * * *." Oregon Laws 1935, p. 5.

The first assignment of error presents the question whether the ballot title of the foregoing constitutional amendment was such as to annul and invalidate the action of the electorate in approving the amendment. We quote this ballot title:

"CRIMINAL TRIAL WITHOUT JURY AND NONUNANIMOUS VERDICT CONSTITUTIONAL AMENDMENT.—Purpose: To

provide by constitutional amendment that in criminal trials any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone such election to be in writing; provided, however, that in the circuit court ten members of the jury may render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder, which shall be found only by a unanimous verdict, and not otherwise.

Vote YES or NO.''

The reference in the foregoing title to ''trial without jury'' and waiver by an accused person of trial by jury were pertinent only to an amendment adopted by the people on November 8, 1932; and had no proper place in the title of the amendment under consideration.

■ The defendant calls our attention to the provision of the constitution declaring that

''When two or more amendments shall be submitted * * * to the voters of this state, at the same election, they shall be so submitted that each amendment shall be voted on separately.'' Section 1, Article XVII, Constitution, Oregon Code 1930, p. 197.

This provision and the authorities cited to this point have no application to the case at bar because only one amendment was submitted at the election of May 18, 1934.

Defendant further argues that the amendment in question was submitted to the voters under a ballot title that was grossly inaccurate, unfair, misleading and untrue. We are unable to concur in this view.

We think that there was surplusage in the ballot title but such surplusage was not of such a character as to mislead or deceive. The title was not absolutely accurate.

■ "Neither a lack of absolute precision nor the use of surplusage will vitiate the election.": 20 C. J., Subject, Elections, p. 150, § 178, and authorities cited in note 15.

■ It is true that the ballot title does not reflect the fact that a trial without a jury upon waiver thereof by defendant had been prescribed by the amendment of November 8, 1932, and that such amendment was effective when the amendment in suit was submitted to the electorate. The criticism is that the ballot title indicates that both the "trial without jury" and the "ten juror verdict" amendments were being submitted, while, in fact, the first of these two amendments had already become part of the constitution.

A somewhat analagous situation was presented to the supreme court of North Dakota. There the title contained the phrase, "and providing for a tax of four cents per gallon upon motor vehicle fuels". We quote from the opinion in that case:

"Some objection is made to the form prescribed for the 'ballot title' and it is claimed that the same is indefinite and misleading, that it does not fairly represent the subject-matter of the measure, that it does not apprise the voters that the measure attacked is an amendment to a prior law, and that it does not apprise the voters that the 4-cent tax attacked is not in fact an additional tax of 4 cents but is a mere additional tax of 1 cent.   *   *   *"

Attention is then called to the requirement of the section of the constitution of North Dakota providing for the exercise of the power of referendum, which is that a petition shall have "printed thereon a ballot title which shall fairly represent the subject-matter of the measure"; and it is held that the proposed ballot

title is not misleading: *Schumacher v. Byrne,* 61 N. D. 220 (237 N. W. 741, 745).

■ In that case, the secretary of state had refused to file the petitions. The people had not yet voted upon the measure. In that case, too, the provision construed by the court was a constitutional provision, as distinguished from a statutory requirement. In the case at bar, the question has been submitted to the electorate; before its submission, the newspaper discussion and editorial comment were available to voters, the voters' pamphlet was also distributed to each registered voter, and we have for construction a statutory provision as distinguished from a constitutional mandate. This statute must be liberally construed in support of the action of the people as made known at the polls.

■ Criticism is made of the statutory provision limiting the time within which an appeal could have been taken from the attorney general's ballot title of the measure in suit and our attention is called to the fact that actually only two days elapsed after the filing of the ballot title with the secretary of state until the expiration of the time allowed for taking such appeal. The procedure to be observed in taking an appeal and the time within which an appeal may be taken were matters within the discretion of the legislative assembly; and the failure strictly to comply with statutory provisions on the part of elective officers will not nullify the result of an election where substantial compliance is shown.

■ The second assignment of error urges that the constitutional amendment under consideration abridges the privileges of those who are charged with or convicted of the crime of murder in the second degree,

denies to them the equal protection of the laws and deprives them of their liberty without due process of law.

In support of this charge, that the amendment violates the fourteenth amendment to the constitution of the United States, defendant cites the case of *Yick Wo v. Hopkins,* 118 U. S. 356, 369 (6 S. Ct. 1064, 30 L. Ed. 220). In that case the court considered an ordinance of the city of San Francisco giving to the board of supervisors authority, at their discretion, to refuse permission to carry on laundries except where located in buildings of brick or stone. Some 200 Chinese were refused permission and 80 others, not Chinese, were permitted to carry on the same business under similar conditions. The court held that this discrimination was illegal and the public administration, which enforced it, was a denial of the equal protection of the laws. The distinction between that case and one at bar is plain. There is no discretion given to any court, or other public agency, to apply the provision of the amendment or to withhold its application at will. All persons charged or convicted of the crime of second degree murder, or any other crime except murder in the first degree, are affected alike.

It is also suggested that, in the event the legislature should give the district courts general jurisdiction and provide for a jury of twelve therein or should create a court of criminal administration, with jurisdiction over cases generally, as distinct from circuit courts, neither the district court nor the newly-created court would be affected by the amendment under discussion, because reference in the amendment is made only to circuit courts. When we remember that the circuit court is the only court employing a jury of twelve, it is very apparent that this reference to circuit courts is only definitive of the court or courts employing a jury of twelve

as distinguished from a jury of six or any number less than twelve. So understood, it constitutes a constitutional restriction depriving the legislature of the power or authority to give to any court now existing or hereafter to be created, wherein a jury of twelve is required, the right to demand unanimous verdicts in any criminal case except those involving a conviction of murder in the first degree.

It is argued that because, at its option, a jury may recommend life imprisonment for murder in the first degree, the provision of a ten-juror verdict in other cases discriminates against a defendant charged with murder in the second degree wherein there is but one penalty, namely, life imprisonment, and in favor of the one charged with first degree murder. The same argument can be applied in any number of cases if we are to be controlled by the punishments prescribed. It may be unwise to hang a person for murder in the first degree. It may be even more unwise to imprison one for life, who has been convicted of murder in the second degree; but as long as the law does not prescribe a certain procedure in one case of a given kind, and a different procedure in another case of the same kind, it can not be said that there is such discrimination as to deprive those affected of the equal protection of the law.

Under the amendment, as herein construed, there can be no discrimination. Every person charged with any crime is, and will continue to be, treated in the same way, procedurally, as every other person charged with a similar crime.

We venture to quote briefly from the prevailing opinion in *Maxwell v. Dow*, 176 U. S. 581 (20 S. Ct. 448, 494, 44 L. Ed. 597):

"* * * it is in entire conformity with the character of the Federal government that they" [the people in the several states] "should have the right to decide for themselves what shall be the form and character of the procedure in such trials, whether there shall be an indictment or an information only, whether there shall be a jury·of twelve or a lesser number, *and whether the verdict must be unanimous or not.*" [Italics supplied.]

The judgment of the circuit court is affirmed.