Ramon Antonio **FOURNIER**, Petitioner, Appellant,

v.

Balbino **GONZALEZ**, Warden of the District Jail of San Juan, Respondent, Appellee.

No. 5388.

United States Court of Appeals First Circuit.

Heard Feb. 3, 1959.

Decided July 29, 1959.

Santos P. Amadeo, Rio Piedras, P. R., and Gerardo Ortiz del Rivero, San Juan, P. R., with whom Rafael V. Perez Marchand, Rio Piedras, P. R., was on the brief, for appellant.

Arturo Estrella, Asst. Atty. Gen., with whom Francisco Espinosa, Jr., Acting Atty. Gen., was on the brief, for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge (Retired).

On November 26, 1950, an information was filed in the Superior Court of Puerto Rico charging that Ramon Antonio Fournier Sampedro had committed murder in the first degree by strangling his wife on or about September 7, 1950. He pleaded not guilty, and demanded a jury trial. On January 26, 1951, the jury returned a verdict of guilty, and on March 16, 1951, Fournier was sentenced to life imprisonment—the maximum sentence possible, capital punishment having been abolished in Puerto Rico in 1917. II Sess.Laws (1917) p. 324; Sess.Laws (1929) p. 232. On November 5, 1954, the Supreme Court of Puerto Rico reversed the judgment of conviction because of the admission in evidence of a confession which the court held to have

been obtained by psychological coercion. People v. Fournier, 77 P.R.R. 208.

Upon the retrial, the jury again found Fournier guilty of murder in the first degree. It appears that this verdict was obtained by a majority vote of more than nine jurors, as is permitted under the Puerto Rican Code of Criminal Procedure, 34 L.P.R.A. § 612 (1956), and by Art. II, § 11, of the Puerto Rican Constitution 48 U.S.C.A. § 731d, note. On March 21, 1955, the maximum sentence, life imprisonment, was once more imposed. This second judgment of conviction was appealed to the Supreme Court of Puerto Rico, where it was affirmed on June 14, 1958, 80 P.R.R. 376, and a further appeal was taken to this court. We denied appellant leave to proceed in forma pauperis by order dated September 11, 1958, certiorari denied 1959, Sampedro v. People of Puerto Rico, 359 U.S. 931, 79 S.Ct. 610, 3 L.Ed.2d 633. We have granted various extensions of time within which to file the record and docket the case, and thus this appeal from the criminal conviction is still pending before us.

Meanwhile, Fournier filed in the Superior Court of Puerto Rico, San Juan Part, a petition for writ of habeas corpus dated April 20, 1956, claiming that the majority verdict was unconstitutional. The writ was issued, and a brief hearing was held on the warden's return, but there was no substantial issue of fact, since it was apparently agreed that the verdict had been by vote of ten to two. The court denied the petition on July 15, 1957, indicating in a short memorandum that the majority verdict provision of the insular constitution and the corresponding statute were valid and that the question should have been raised in the appeal proceeding which was then pending before the Supreme Court of Puerto Rico. The petitioner took an appeal from this denial of the habeas corpus petition, and the Supreme Court of Puerto Rico once more entered a judgment of affirmance. In a scholarly opinion by Mr. Justice Saldaña dated April 18, 1958, the 10-to-2 verdict was upheld,

tested "on the merits" both by the Federal and by the Commonwealth Constitutions. 80 P.R.R. 254. Subsequently, on May 23, 1958, the Supreme Court of Puerto Rico entered an order enlarging Fournier on $25,000 bail pending his appeal to this court in the habeas corpus matter. 80 P.R.R. 341. It was reasoned that (1) the appeal was not frivolous or merely for purpose of delay, so that the court had discretion herein to admit Fournier to bail; (2) the question presented was of sufficient importance that it should be resolved by the federal courts; (3) the release on bail would neither create a significant risk of Fournier's escaping from the jurisdiction nor endanger the community, and (4) in these circumstances bail should not be denied merely because of the seriousness of the offense of which the petitioner had been convicted.

We have not the slightest doubt that the judgment of the Supreme Court of Puerto Rico must be affirmed. However, in view of the eminence of counsel for appellant and the earnestness of his presentation, we have examined with great care the constitutional question urged.

Since the offense charged was alleged to have been committed on or about September 7, 1950, before the establishment of the Commonwealth government, we shall assume, in appellant's favor, that at his second trial he was entitled to all federal constitutional rights and privileges guaranteed in Puerto Rico prior to the promulgation of its constitution. See Thompson v. State of Utah, 1898, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061.

We stated in Figueroa v. People of Puerto Rico, 1 Cir., 1956, 232 F.2d 615, 620: "Thus it appears that, prior to the enactment of the constitution of the Commonwealth, the right of trial by jury, together with the method of waiving that right, existed only as a local statutory right at the sufferance of the legislature of Puerto Rico; trial by jury was not required either by the Constitution of the United States or by the

provisions of the 'bill of rights' in the Organic Act."

■ So far as concerns the guaranty of Art. III, § 2, and that of the Sixth Amendment of the Federal Constitution, it is clear that we could not hold that they are applicable to the present situation without a determination that Balzac v. People of Porto Rico, 1922, 258 U.S. 298, 42 S.Ct. 343, 66 L.Ed. 627, is no longer law; and certainly Reid v. Covert, 1957, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed. 1148, did not overrule Balzac v. People of Porto Rico. We cannot even find, upon an attentive reading of the opinions in Reid v. Covert, that a majority of the justices raised any question as to the continuing applicability of the Balzac case and of Territory of Hawaii v. Mankichi, 1903, 190 U.S. 197, 23 S.Ct. 787, 47 L.Ed. 1016, in the circumstances of the present case.

It follows therefore that appellant is limited to the contention that a verdict of guilty by less than a unanimous vote is a denial of the due process of law guaranteed by the Fifth Amendment to the Federal Constitution. But it would seem that, if Puerto Rico might have denied the defendant a jury trial completely, it should have power to establish the much less drastic procedure of a jury trial in a modified form. See Jordan v. Com. of Massachusetts, 1912, 225 U.S. 167, 176, 32 S.Ct. 651, 56 L.Ed. 1038. It also should be noted that Fournier elected to be tried by a jury authorized to return a verdict by a nine-twelfths vote instead of by a judge.

■ We may assume that the presumption of innocence is a distinct, federally protected constitutional right of a criminal defendant in Puerto Rico, and further, that it is of the essence of due process that the guilt of the accused must be established by the government beyond a reasonable doubt. Still we are unable to see how these rights may be involved in a permission to the jury to return a verdict upon the basis of a concurrence of less than all the jurors. Though the charge to the jury is not included in the present record, the judge must have charged that the defendant is entitled to a presumption of innocence, and the oath taken by each juror must have required him to be convinced of the defendant's guilt beyond a reasonable doubt before voting for a verdict of guilty. At least, if such a charge and oath were not given, and the defendant duly excepted, that is a matter to be raised on appeal from the conviction. Under the Puerto Rican procedure, a single disagreeing juror could not by himself cause a hung jury, but this does not mean that the defendant was presumed to have been any the less innocent until proven guilty, or that those ten jurors who did vote for a verdict of guilty were not satisfied of guilt beyond a reasonable doubt.

Curiously enough, if the present case had arisen in one of the states of the Federal Union, it is clear that the Supreme Court of the United States would not hold that the due process clause in the Fourteenth Amendment guaranteed a unanimous verdict. Walker v. Sauvinet, 1875, 92 U.S. 90, 92–93, 23 L.Ed. 678; Maxwell v. Dow, 1900, 176 U.S. 581, 20 S.Ct. 448, 44 L.Ed. 597. In the latter the Court said, 176 U.S. at pages 604–605, 20 S.Ct. at page 457:

"It appears to us that the questions whether a trial in criminal cases not capital shall be by a jury composed of eight instead of twelve jurors, and whether in case of an infamous crime a person shall only be liable to be tried after presentment or indictment of a grand jury, are eminently proper to be determined by the citizens of each state for themselves, and do not come within the clause of the amendment under consideration, so long as all persons within the jurisdiction of the state are made liable to be proceeded against by the same kind of procedure and to have the same kind of trial, and the equal protection of the laws is secured to them. * * * The right to be proceeded against only by indictment, and the right to a trial by twelve jurors,

are of the same nature, and are subject to the same judgment, and the people in the several States have the same right to provide by their organic law for the change of both or either. * * * There is no reason to doubt their willingness or their ability to do so, and when providing in their Constitution and legislation for the manner in which civil or criminal actions shall be tried, it is in entire conformity with the character of the Federal government that they should have the right to decide for themselves what shall be the form and character of the procedure in such trials, whether there shall be an indictment or an information only, whether there shall be a jury of twelve or a lesser number, and whether the verdict must be unanimous or not. These are matters which have no relation to the character of the Federal government."

In addition to the cases cited, see State of Missouri v. Lewis, 1879, 101 U.S. 22, 31, 25 L.Ed. 989; Hurtado v. People of State of California, 1884, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Brown v. State of New Jersey, 1899, 175 U.S. 172, 20 S.Ct. 77, 44 L.Ed. 119; Twining v. State of New Jersey, 1908, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Jordan v. Com. of Massachusetts, supra, 1912, 225 U.S. 167, 32 S.Ct. 651, 56 L.Ed. 1038; State v. Osbourne, 1936, 153 Or. 484, 57 P.2d 1083. Perhaps it is because of these cases that Fournier disavows any reliance on the Fourteenth Amendment.

■ Certainly it would be an odd result if the people of Puerto Rico were less free to legislate with reference to a modification of the jury system than are the people of the several States in the Federal Union. See Balzac v. People of Porto Rico, supra, 258 U.S. at page 310, 42 S.Ct. at page 347. In the Balzac case the Court held that the Organic Act passed by the Congress in 1917 did not have the effect of "incorporating" Puerto Rico into the United States; and nothing that has occurred since that time, including the Joint Resolution adopted by the Congress in 1952, 66 Stat. 327, approving the constitution which the people of Puerto Rico had adopted pursuant to Public Law 600, 64 Stat. 319, 48 U.S. C.A. § 731b et seq., can be held to have resulted in such incorporation. If, as we hold, there was no constitutional guaranty of a unanimous jury verdict before 1952, it seems clear, a fortiori, that no such federal right arose in 1952 or thereafter.

Appellant's chief reliance is upon a decision of the Sixth Circuit in 1953, Hibdon v. United States, 204 F.2d 834, 37 A.L.R.2d 1130. This case was an appeal from a conviction in a federal district court. In the trial court, Hibdon had entered into a stipulation for a majority verdict at the "invitation" of the judge after the jury had deliberated only twenty-seven minutes. As a result he was convicted on two felony counts by 9-to-3 and 10-to-2 verdicts of the jury, respectively. The court of appeals reversed the conviction on three alternative grounds: (1) The stipulation was contrary to Rule 31(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. which could not be ignored even by agreement of the parties; (2) proof beyond a reasonable doubt is a part of due process of law, and implicitly requires a unanimous verdict; (3) the trial judge in effect forced the defendant to waive unanimity in this case, so that the waiver was not a truly voluntary act.

We do not have to quarrel with the result reached in Hibdon v. United States. All we need point out is that the second ground for the court's decision, if read literally, is wholly unsupported by authority, and seems to us to be patently erroneous, at least as applied to the insular courts of Puerto Rico.

A judgment will be entered affirming the judgment of the Supreme Court of Puerto Rico.