THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MODESTO COTTO TORRES, Defendant and Appellant.

No. 16841.     Decided April 5, 1963.

---

24

*Santos P. Amadeo* and *Gerardo Ortiz del Rivero* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for the People.

PER CURIAM: Having been accused of murder in the first degree and violations of §§ 6 and 8 of the Weapons Law, and after a trial by jury, Modesto Cotto Torres was found guilty of murder in the second degree and of both violations of the Weapons Law. On March 11, 1960 he was sentenced by the trial court to the following:

(a) Indeterminate sentence of fifteen to thirty (15 to 30) years imprisonment in the penitentiary for the crime of murder in the second degree;

(b) Indeterminate sentence of two to five (2 to 5) years imprisonment in the penitentiary for the crime of violating § 8 of the Weapons Law; and

(c) Indeterminate sentence of one to five (1 to 5) years imprisonment in the penitentiary for violation of § 6 of the Weapons Law.

In his brief he alleges the trial court committed eight errors. Defendant's counsel as well as the Solicitor General have submitted separate and well-elaborated briefs in which they fully analyze the different questions raised.

We decide that none of the aforesaid errors were committed as we shall hereinafter discuss.

"*FIRST ERROR:* THE TRIAL JUDGE COMMITTED ERROR IN RECEIVING THE VERDICTS RETURNED AGAINST THE DEFENDANT–APPELLANT, INASMUCH AS NOT HAVING BEEN RENDERED BY UNANIMITY, THEY WERE VOID BECAUSE THEY ARE IN CONFLICT WITH THE DUE PROCESS OF LAW CLAUSE OF THE VTH OR XIVTH AMENDMENT OF THE FEDERAL CONSTITUTION."

■ This question was decided adversely to appellant's contention in *Fournier* v. *González,* 80 P.R.R. 254 (1958), and in *Fournier* v. *González,* 269 F.2d 26 (1959). Furthermore, an identical question was raised in *Cotto* v. *Delgado, Warden,* Habeas Corpus 955 decided March 17, 1961, in which we denied the writ of habeas corpus, and it was affirmed by the Court of Appeals for the First Circuit, on May 4 of the same year, the Supreme Court of the United States having denied the writ of certiorari against this latter order, *Torres* v. *Delgado,* 368 U.S. 944 (1961).

"*SECOND ERROR:* THE VERDICTS ENTERED ARE NULL AND VOID BECAUSE THE DEFENDANT WAS DEPRIVED OF HIS RIGHT TO REQUEST THE POLLING OF THE JURY, IN VIOLATION OF THE DUE PROCESS OF LAW CLAUSE, OF THE VTH OR XIVTH AMENDMENT OF THE FEDERAL CONSTITUTION, SINCE IT IS SO FORBIDDEN BY ACT NO. 7 OF DECEMBER 29, 1950."

■ This question has already been decided against defendant's contention in *Jaca* v. *Delgado, Warden,* 82 P.R.R. 389 (1961), and no reason has been given to warrant our disturbing the reasoning and conclusion reached in said case on the same question.

"*THIRD ERROR:* THE TRIAL COURT ERRED IN ACCEPTING THE VERDICTS RETURNED AGAINST THE DEFENDANT–APPELLANT BECAUSE THEY ARE VOID, INASMUCH AS THEY DO NOT CONFORM TO SECTIONS 282 AND 290 OF THE CODE OF CRIMINAL PROCEDURE, AS AMENDED BY ACT NO. 11 OF AUGUST 19, 1948 AND ACT NO. 7 OF DECEMBER 29, 1950."

■ We agree with the Solicitor General that this error was not committed. We copy below his argument on this question:

"Section 282 of the Code of Criminal Procedure, 34 L.P.R.A. § 813, reads as follows:

'When the jury appears, they must be asked by the court or clerk, *whether such is the verdict of the jury and the number of jurors concurring in said verdict.* If the foreman answers that such is the verdict of the jury, and if the said verdict conforms to the law, it shall be accepted by the court.' [Italics of the Solicitor General.]

"Section 291 of the same Code[1] [(1) In his brief the defendant-appellant refers to § 290, but it is evident that it should be 291. Section 290, referring to the individual vote of the jury, was amended by *Act No. 11 of August 19, 1948, p. 212, Sec. 5, and repealed by Act No. 7 of December 29, 1950,* p. 386], 34 L.P.R.A. § 821, provides as follows:

'When the verdict given is such as the court may receive, the clerk must immediately record it in full upon the minutes, read it aloud and inquire of the foreman *if it is the verdict of the jury, and how many of the jurors concurred in said verdict.* If the foreman answers that it is the verdict of the jury and that said verdict conforms to the law, it shall be accepted by the court, the verdict shall be considered complete, and the jury must be discharged.' [Italics of Solicitor General.]

"After the jury returned to the courtroom and after having deliberated, the following incident took place [in this case]: (T.E. pp. 2704–2705):

'JUDGE:

Mr. Foreman, have you reached a verdict?

Mr. FOREMAN:

Yes, sir.

JUDGE:

Please deliver it to the marshal. Secretary, read the verdict.

SECRETARY (reading):

The People of Puerto Rico v. Modesto Cotto Torres, Murder in the First Degree. We, the gentlemen of the jury, find the defendant Modesto Cotto Torres, guilty of the crime of Murder in the Second Degree. San Juan, Puerto Rico, February 24, 1960, Jaime Frau Llinás, Foreman.

JUDGE:

*Is that the verdict of at least three fourths or more of the jurors?* [Italics of the Solicitor General.]

Mr. FOREMAN:

Yes, sir.

JUDGE:

Then the court accepts the verdict of the jury because it is formal and pursuant to law, it declares it complete and, consequently, pronounces the defendant Modesto Cotto Torres guilty and convicted of the offense of Murder in the Second Degree, and sets March 3, 1960, at nine o'clock in the morning, to pronounce judgment.'

"On pages 2706–2708 of the transcript of the evidence, there appears essentially the same dialogue between the judge and the foreman of the jury in connection with two other verdicts returned in cases for Violation of the Weapons Law.

"The defendant-appellant maintains that those verdicts are void because, in violation of the provisions of the Code of Criminal Procedure copied above, the judge did not specifically ask *how many* jurors concurred in the respective verdicts but he merely asked the result in terms of 'percentage.'

"We believe that the question does not have the scope attributed to it by the defendant-appellant.

"Article II, § 11 of our Constitution provides:

'In all prosecutions for a felony the accused shall have the right of trial by an impartial jury *composed of twelve residents of the district, who may render their verdict by a majority vote which in no case may be less than nine.'* [Italics of the Solicitor General.]

"Thus the right to a trial by jury in prosecutions for felonies was permanently incorporated in our penal system, providing for a panel of twelve (12) jurors, the legislative power maintaining authority to increase the margin of majority up to the unanimous vote, if it deemed it convenient in the future. Report of the Bill of Rights Committee, *Revista Jurídica de la U.P.R.,* Vol. XXI, No. 1, p. 18.

"Section 185 of the Code of Criminal Procedure, 34 L.P.R.A. § 612, provides.

'In all cases in which, under the laws of Puerto Rico, a jury must render a verdict, *said verdict shall be by the*

*concurrence of not less than three-fourths (¾) of the jury.'*
[Italics of the Solicitor General.]

"Section 280 of the same Code, 34 L.P.R.A. § 811, provides:

'When three-fourths (¾) of the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge. Their names must then be called, and if all do not appear, the rest must be discharged without giving a verdict. In that case the action may be again tried at the same or another term.'

"As may be noted, the legal system in effect by mandate of the Legislature and pursuant to the Constitutional clause, establishes that the verdict in a criminal prosecution shall be by a majority of votes of *not less than three-fourths (¾) of the jury, that is, not less than nine of the twelve members composing it.* There is not the slightest doubt, that when the judge asked the foreman of the jury whether '*Is that the verdict of at least three-fourths or more of the members of the jury?*', as a matter of fact he was asking him whether that was the verdict *of not less than nine (9)* of the twelve (12) members of the jury which were present in the courtroom after deliberation. There is no doubt that the question was equivalent to asking *how many jurors concurred in the verdict* in such a way that by his answer the judge could feel assured, to the satisfaction of the parties, that the verdict conformed to law.

"On the other hand, we believe it convenient to call attention to the fact that the judge upon finishing his instructions addressed the members of the jury in the following terms:

'Then, the court wishes to remind the lady and the gentlemen of the jury that the *verdict should be the product of the opinion of at least three-fourths of you, that is, nine of the twelve members.* It designates Mr. Frau as Foreman of the Jury.' (T.E. p. 2699.) [Italics of the Solicitor General.]

"This instruction having been transmitted precisely before the jury withdrew to deliberate, it is inescapable to conclude by logical inference that there was no fraud, or even error in the mathematical computation with respect to *how many members of the jury concurred in the verdict.*

"We finally wish to indicate that the defense raised no objection on this point and it is now on appeal that it raises the question for the first time, *cf. Jaca v. Delgado, Warden, supra,*

p. 397 *et seq.* If he considered that the action of the trial court had been prejudicial to his rights, he should have timely called the attention of the court in order that it could cure the alleged error which he now charges. *People* v. *Lampón,* 78 P.R.R. 102, 106 (1955)."

For the foregoing reasons, we decide that the error was not committed.

*"FOURTH ERROR:* THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON THE THEORY OF SELF-DEFENSE."

■ The instructions referred to by defendant-appellant are the following:

"The defendant alleges self-defense and he has the burden to bring evidence in support of his allegation, but not to contribute, sufficient evidence to convince the jury that he was acting in self-defense beyond a reasonable doubt. I mean to say that he has the obligation to present evidence, beyond a reasonable doubt, that he was acting in self-defense. It is sufficient if he introduces evidence of self-defense, which considered by the gentlemen of the jury together with the whole evidence of the case, raises in the mind of the members of the jury a reasonable doubt as to the guilt of the defendant." (T.E. pp. 2678–2679.)

The correctness of certain instructions similar to these was upheld by this Court in *People* v. *Ramírez,* 50 P.R.R. 224 (1936), at p. 246. We should indicate that the second statement of the above instructions is entirely erroneous. We believe that it is an error committed by the stenographer reporter in transcribing his notes, for it is not logical that the trial judge should have made a statement so clearly in contradiction with the rest of the instructions.

It should also be noted that the trial court gave ample instructions with respect to the presumption of innocence that a defendant enjoys and with respect to the concept of reasonable doubt, and it stressed the fact that if the jury had any doubt as to whether or not the defendant acted in self-defense that doubt had to be resolved in his favor because it was the prosecuting attorney who had the burden

to establish the guilt beyond a reasonable doubt. (T.E. pp. 2667–2669; 2679–2681; 2696–2697.)

For the reasons stated we decide that this error was not committed.

"FIFTH ERROR: THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT IF THE DEFENSE DID NOT PUT THE WITNESSES WHO DID NOT TESTIFY AT THE DISPOSAL OF THE PROSECUTING ATTORNEY, THE PRESUMPTION OF LAW WAS THAT IF THEY HAD TESTIFIED THE RESULT WOULD HAVE BEEN ADVERSE TO THE PARTY WHO DID NOT CALL THEM."

The trial court charged the jury as follows: (T.E. pp. 2686–2687.)

"When the prosecuting attorney waived a number of witnesses—you remember this when they were waived, while you were here and in your presence—the prosecuting attorney announced that their testimony was of a cumulative nature and he placed them at the disposal of the defense. The defense then called one of those witnesses who had been waived by the prosecuting attorney. That is Rodríguez Sierra, José Manuel Rodríguez Sierra, known as Putty, and he called him to the witness stand as a witness for the defense. Under these circumstances you are the ones called upon to determine whether that evidence —you heard all the other evidence of the prosecuting attorney and you heard the testimony of José Manuel Rodríguez Sierra in open court—you must determine independently of the presumption of law, whether it was actually adverse or cumulative, or the nature of that evidence in order that you may weigh that testimony accordingly. The defendant waived the testimony of two witnesses: Doctor Escudero and another witness. The defense also announced that their testimony would be cumulative and placed them at the disposal of the prosecuting attorney. In that case the presumption did not operate, it was overcome because the defense complied with the requirement of announcing that it was cumulative and they were placed at the disposal of the prosecuting attorney. There are other witnesses here who were announced by the defense as their witnesses, such as Mr. Cayetano Coll Pujols, Judge Ricardo Calderón, Mr. Tomás Sandoval Cruz, police officer Alers, police officer Castillo, I

do not remember if there is any other one, as to whom the defense made no announcement when he finished his evidence. With respect to those witnesses I believe that if no announcement was made the legal presumption is that if they had been called their testimony would have been adverse to the party who did not present them."

The record does not show that defendant's counsel objected to this instruction or offered any substitute or explanatory instruction or suggested that the court explain or rectify it.

■ We believe that the aforesaid instructions are correct. Section 102 of the Law of Evidence, 32 L.P.R.A. § 1887, subdivision 5, establishes a controvertible presumption that "evidence willfully suppressed would be adverse if produced." But said presumption does not arise when the evidence is not offered because it is of a cumulative nature and it is put at the disposal of the other party. In *People* v. *Ramírez*, 50 P.R.R. 224 (1936), at the end of a brief examination of a witness for the prosecution, defendant's counsel requested and obtained an order for the witness to remain under the rules of the court, the witness thereby remaining at the disposal of both parties. But none of them used him. The trial court refused to instruct the jury to the effect that the prosecuting attorney suppressed the evidence of that witness and therefore the presumption arose that it would have been adverse. Instead the court instructed that he was available to be called by either party; that "you may consider that there has been evidence suppressed by both parties." The refusal to give the requested instruction having been assigned as error, we said:

"It is true that a defendant is protected by a presumption of innocence which the law raises in his favor and that he is not bound to testify or to present any evidence whatever in his defense. But it is also true that once the fact of death at the hands of the defendant has been shown, if the defendant makes a plea of not guilty, then upon him falls the burden of proof

to show at least a prima facie case of self-defense. Consequently we must reach the conclusion that *if a defendant, during the course of presentation of his alleged self-defense voluntarily suppresses the testimony of a witness whom he has at his disposal, such suppression gives rise to a presumption that the evidence was suppressed for fear that it would be adverse.*" (Italics ours.) *Cf. People* v. *Torres*, 86 P.R.R. 239 (1962).

We therefore decide that the trial court did not commit said error.

"*SIXTH ERROR:* THE COURT ERRED IN PERMITTING THE PROSECUTING ATTORNEY TO CALL THE DEFENDANT AN EXECUTIONER AND TO MAKE OTHER STATEMENTS PREJUDICIAL TO THE RIGHT OF THE DEFENDANT TO AN IMPARTIAL TRIAL."

■ We copy below the discussion of this error by the Solicitor General:

"The incident on which the defendant bases this assignment of error is found in the transcript of the evidence at pp. 2527 to 2528, and its reads as follows:

'Mr. ANDREU RIBAS (interrupting):

Your Honor, we are going to make an objection to this situation brought by the prosecuting attorney in his statement, and it is the following: The argument that the widow is dressed in mourning and the whole situation, we pay no attention to it, but I think that the widow is not asking for anything here. It is The People of Puerto Rico that is asking. The prosecuting attorney is, in my opinion, making an undue use of this situation. Here are these two ladies since the commencement of the trial sitting in the first bench to the right hand of the courtroom before the jury. I think that if the prosecuting attorney exceeds himself in this courtroom in the name of the widows in barrio Venezuela, that is a general thing, but I think, Your Honor, that it should not be said that the widow is asking. I disregard that the prosecuting attorney said, called the defendant an executioner, but I think, Your Honor, that this is not contemplated in the statements of this nature. The defendant is presumed innocent until now and until the jury finds him guilty beyond a reasonable doubt; and he should not be subject to those epithets, Your Honor, when the defense

objects that kind of epithets, Your Honor, especially since the prosecuting attorney has been using that kind of epithets from the beginning of the evidence. I think it is incorrect. The significant part is that the widow here has no right to ask for anything; and the prosecuting attorney is not the bearer of the widow. This is not a case, in my opinion, that will be decided on sentimentalisms, where someone comes here and weeps or comes ill, or because someone comes dressed in mourning to the court. I think that this is a very serious matter.

JUDGE:

The court overrules the objection. The defense shall have the opportunity to rebut the argument of the prosecuting attorney. The prosecuting attorney has a right to make his arguments. Go ahead.'

". . . The record does not reveal the attendant circumstances of the moment when it is alleged that the prosecuting attorney called the defendant 'executioner'.[2]  [(2) It should be noted that in the transcript of the evidence, p. 2527, that part of the argument offered by prosecuting attorney Ortiz Juan to the jury in which, according to the defense, he called the defendant an executioner, does not appear copied.] It all tends to show that the incident passed inadvertently and that little importance was attached thereto. . . . Defendant's counsel himself stated that he had disregarded the fact that the prosecuting attorney called the defendant an *executioner*. He did not even take an exception to the ruling of the trial court when the latter dismissed the question raised by the defense. (T.E. p. 2528.) Nor has it been shown that that remark alone caused any prejudice to the defendant. Furthermore, the evidence presented by the prosecuting attorney is so strong and convincing that it seems incredible that the jury might have rendered a different verdict even if the prosecuting attorney had not made the comment. On this point it is said in *People* v. *Ojeda,* 66 P.R.R. 399, 401, 'The generally accepted doctrine is to the effect that improper isolated statements uttered by the district attorney shall not require the reversal of the case, where the prosecution rests on such strong and convincing evidence, that even in the absence of said statements the verdict would have been the same.' "

*Cf. People* v. *Carrión,* 86 P.R.R. 340 (1962); *People* v. *Rivera,* 83 P.R.R. 452 (1961).

We believe, therefore, that the error assigned is not reversible.

*"SEVENTH ERROR:* THE VERDICTS RENDERED AGAINST THE DEFENDANT–APPELLANT ARE NULL AND VOID BECAUSE THE PROSECUTING ATTORNEY VIOLATED ARTICLE II, SECTION 11, SUBDIVISION 3, OF THE CONSTITUTION OF PUERTO RICO."

The incident on which this assignment of error is based took place when Mr. William Luyando Charneco was on the witness stand as witness for the defense and was going to testify with respect to what he had observed in his office and what the defendant had said there. The prosecuting attorney objected to the witness testifying on this point and then the following incident took place: (T.E. pp. 1236–1237.)

"Prosecuting Attorney ORTIZ JUAN:

Your Honor, there are two reasons why our colleague Luyando should not and cannot, as a witness, state what the defendant told him: *One is that the defendant is here to say it himself, if he wishes to say it.* . . . (Italics of the Solicitor General.)

Mr. ANDREU RIBAS:

Wait a minute. Your Honor, the prosecuting attorney has committed a serious error. . . ."

■ After this incident the defense requested the court to declare a mistrial on the grounds that the prosecuting attorney had unduly commented on the *silence of the defendant.* After the question was discussed, the court dismissed it and immediately proceeded to instruct the jury specifically on the right of the defendant to abstain from testifying, it called their attention that by no means should they consider in their deliberations the fact that the defendant would not have testified or produced evidence in his defense, and it vigorously reproached the prosecuting attorney for the remark he had made. The court asked, furthermore, the members of

the jury if they would take into account the remark of the prosecuting attorney. The jury answered, "No, sir." (See T.E. pp. 1243–1247.) It also instructed them on this point in his general instructions. (See T.E. p. 2692.)

Section 11 of Article II of the Constitution of the Commonwealth of Puerto Rico insofar as pertinent provides: "No person shall be compelled in any criminal case to be a witness against himself and *the failure of the accused to testify may be neither taken into consideration nor commented upon against him.*" (Italics ours.) Before the adoption of our Constitution there existed in Puerto Rico several statutory provisions by virtue of which the same protection and guarantee was extended to every defendant by way of judicial construction.

Subdivision 3 of § 2 of the Organic Act of 1917 (L.P.R.A., vol. 1, p. 53) provided:

"That no person shall be held to answer for a criminal offense without due process of law; and no person for the same offense shall be twice put in jeopardy of punishment, *nor shall be compelled in any criminal case to be a witness against himself.*" (Italics ours.)

Section 7 of the Code of Criminal Procedure, 34 L.P.R.A. § 7, reads as follows:

"No person can be compelled, in a criminal action, to be a witness against himself; nor can a person charged with a public offense be subjected, before conviction, to any more restraint than is necessary for his detention to answer the charge."

Subdivision 2 of § 29 of the same Code (34 L.P.R.A. § 59) provides:

"After having heard the charge, if the defendant plead 'not guilty' the justice shall proceed as follows: . . . *If the defendant does not testify that fact cannot be used against him.*" (Italics ours.)

We do not believe that the statement of the prosecuting attorney copied above on which this error is based constitutes a remark on the silence of the defendant. It was not expressly stated, nor may it be inferred from said comment, that any insinuation was made as to defendant's silence as was done in *People* v. *Roldán*, 27 P.R.R. 719 (1919); *People* v. *Estrada*, 51 P.R.R. 791 (1937); and *People* v. *Díaz*, 69 P.R.R. 577 (1949). We therefore conclude that the error assigned was not committed.

*"EIGHTH ERROR:* THE TRIAL COURT ERRED IN NOT PERMITTING THE PROSECUTING ATTORNEY TO DELIVER TO THE DEFENSE COPIES OF THE STATEMENTS OF THE WITNESSES WHOM HE HAD WAIVED BECAUSE SAID EVIDENCE CONSTITUTED CUMULATIVE EVIDENCE."

At the close of his evidence the prosecuting attorney announced to the court that he waived the rest of the witnesses for the prosecution whose names appeared on the back of the information, and that he placed them at the disposal of the defense because he considered that their testimony was cumulative evidence. The defense then requested that *all* the sworn statements given by these witnesses before the prosecuting attorney during the preliminary investigation be delivered to him. After the question was amply discussed by both parties, the court denied the petition of the defense but granted it all the time it deemed necessary to confer with each one of the witnesses waived by the prosecuting attorney.

It is alleged that the trial court committed error in not giving the defense access to the sworn statements given by the witnesses for the prosecution whose testimony was waived by the prosecuting attorney.

We held in *People* v. *Ribas*, 83 P.R.R. 371 (1961), that the defendant is entitled to obtain a copy of any statement made by a witness for the prosecution, if he requests

it after the latter testifies and when he is on cross-examination, if it refers to the facts in controversy in the case on trial. In *People* v. *Díaz*, 86 P.R.R. 529 (1962), we held that if the witness waived by the prosecuting attorney is used by the defense and after having testified about the facts of the case it appears that the latter has previously made a sworn statement on the same facts, it is the duty of the prosecuting attorney to deliver it to the defense. In both situations the presiding judge shall examine the statement before delivering it to the defense in order to determine whether it contains information that should be kept confidential "for the purposes of an effective prosecution of the offense."

But the situation in the case at bar is entirely different since here the prosecuting attorney decided not to use certain witnesses whom he placed at the disposal of the defense and the latter, before putting them on the witness stand, requested all the sworn statements made by these witnesses before the prosecuting attorney during the preliminary investigation. An identical question was considered in the case of *People* v. *Ramos*, 84 P.R.R. 542 (1962). On this occasion we held that under those circumstances the defendant had no right to obtain the statement requested. No reason of weight has been advanced to convince us that we should overrule that doctrine. Therefore, we decide that the eighth error assigned was not committed.

The judgment will be affirmed.∎

—O—

ON MOTION FOR RECONSIDERATION

San Juan, Puerto Rico, June 28, 1963

PER CURIAM: Reconsideration is sought of the judgment affirming that rendered by the trial court. It is alleged as ground that, contrary to the determination which we made in connection with a comment of the district attorney to the effect that the silence of defendant did not constitute a comment, it was actually a comment. The incident arose as follows: a witness who was a lawyer announced that he was going to testify on something which defendant had told him. The district attorney objected alleging that "defendant is here to say it, if he wishes to say it."

In our opinion we ratified that the foregoing did not constitute a comment on the silence of defendant. And normally we cannot consider it as such comment. However, in the case at bar the court and the parties considered such statement as a comment on the silence. It was so stated and the jury must have considered it to be so. However, the court forthwith instructed the jury not to take it into account. It then repeated the instruction in transmitting the final instructions.

In *People* v. *Díaz*, 69 P.R.R. 577 (1949), which we ratified recently in *People* v. *Verdejo Meléndez*, *post*, p. 202, we held that "the error committed by comments made by the district attorney on the silence of the defendant is cured" by the pertinent instructions.

The reconsideration sought is denied.

—O—

ON MOTION FOR RECONSIDERATION

San Juan, Puerto Rico, December 18, 1963

PER CURIAM: The reconsideration of our decision in the present case is requested for a second time. In support of his appeal appellant assigned, among others, the following error:

"THE VERDICTS RENDERED AGAINST DEFENDANT–APPEL-LANT ARE NULL AND VOID BECAUSE THE PROSECUTING ATTORNEY VIOLATED SUBDIVISION 3 OF § 11, ART. II OF THE CONSTITUTION OF PUERTO RICO."

In deciding this error we stated the following:

"The incident on which this assignment of error is based took place when Mr. William Luyando Charneco was on the witness stand as witness for the defense and was going to testify with respect to what he had observed in his office and what the defendant had said there. The prosecuting attorney objected to the witness testifying on this point and then the following incident took place: (T.E. pp. 1236–1237.)

'Prosecuting Attorney ORTIZ JUAN:

Your Honor, there are two reasons why our colleague Luyando should not and can not, as a witness, state what the defendant told him: One is that the defendant is here to say it himself, if he wishes to say it. . . .

Mr. ANDREU RIBAS:

Wait a minute. Your Honor, the prosecuting attorney has committed a serious error. . . .'

"After this incident the defense requested the court to declare a mistrial on the ground that the prosecuting attorney had unduly commented on the *silence of the defendant*. After the question was discussed, the court dismissed it and immediately proceeded to instruct the jury specifically on the right of the defendant to abstain from testifying, it called their attention that by no means they should consider in their deliberations the fact that the defendant would not have testified or produced evidence in his defense, and it vigorously reproached the prose-

cuting attorney for the remark he had made. The court, furthermore, asked the members of the jury if they would take into account the remark of the prosecuting attorney. The jury answered, 'No, sir.' (See T.E. pp. 1243–1247.) It also instructed them on this point in his general instructions. (See T.E. p. 2692.)

"Section 11 of Article II of the Constitution of the Commonwealth of Puerto Rico insofar as pertinent provides: 'No person shall be compelled . . . to be a witness against himself and *the failure of the accused to testify may be neither taken into consideration nor commented upon against him.*' (Italics ours.) Before the adoption of our Constitution there existed in Puerto Rico several statutory provisions by virtue of which the same protection and guarantee was extended to every defendant by way of judicial construction.

"Subdivision 3 of § 2 of the Organic Act of 1917 (L.P.R.A., vol. 1, p. 53) provided:

'That no person shall be held to answer for a criminal offense without due process of law; and no person for the same offense shall be twice put in jeopardy of punishment, *nor shall be compelled in any criminal case to be a witness* against himself.' (Italics ours.)

"Section 7 of the Code of Criminal Procedure, 34 L.P.R.A. § 7, reads as follows:

'No person can be compelled, in a criminal action, to be a witness against himself; nor can a person charged with a public offense be subjected, before conviction, to any more restraint than is necessary for his detention to answer the charge.'

"Subdivision 2 of § 29 of the same Code (34 L.P.R.A. § 59) provides:

'After having heard the charge, if the defendant plead "not guilty" the justice shall proceed as follows: . . . *If the defendant does not testify that fact can not be used against him.*' (Italics ours.)

"We do not believe that the statement of the prosecuting attorney copied above on which this error is based constitutes a remark on the silence of the defendant. It was not expressly stated, nor may it be inferred from said comment that any insinuation was made as to defendant's silence as was done in

*People* v. *Roldán,* 27 P.R.R. 719 (1919); *People* v. *Estrada,* 51 P.R.R. 791 (1937) ; and *People* v. *Díaz,* 69 P.R.R. 577 (1949). We therefore conclude that the error assigned was not committed."

On motion for reconsideration we stated the following:

"Reconsideration is sought of the judgment affirming that rendered by the trial court. It is alleged as ground that, contrary to the determination which we made in connection with a comment of the district attorney to the effect that the silence of defendant did not constitute a comment, it was actually a comment. The incident arose as follows: a witness who was a lawyer announced that he was going to testify on something which defendant had told him. The district attorney objected alleging that 'defendant is here to say it, if he wishes to say it.'

"In our opinion we ratified that the foregoing did not constitute a comment on the silence of defendant. And normally we cannot consider it as such comment. However, in the case at bar the court and the parties considered such statement as a comment on the silence. It was so stated and the jury must have considered it to be so. However, the court forthwith instructed the jury not to take it into account. It then repeated the instruction in transmitting the final instructions.

"  .   .   .   .   .   .   .   ."

In this second motion for reconsideration appellant insists on the contention that the instructions cannot cure the error committed in commenting on the silence of defendant. We believe that in certain occasions an instruction may not cure a remark on the silence of the defendant. But in this case that is not the situation. As we stated in our original opinion the incident on which appellant grounded his contention does not constitute a remark on the silence of the defendant. The fact that the judge and the parties consider it as such, does not make it a remark on the silence of defendant. What happened was that defendant made certain statements supposedly beneficial to him to a third person and then sought to bring them before the jury through said third person. Because they are not admissions against interest, the evidence was inadmissible under the hearsay rule and possibly

under the rule of self-serving evidence. The prosecuting attorney only tried to support his objection to that evidence, in an incident provoked by defendant himself in an attempt to introduce inadmissible evidence. Evidently the statement of the prosecuting attorney to the effect that "defendant is here to say it" does not constitute a remark on the silence, but rather an expression, after objecting to the manner in which it was sought to present to the jury defendant's alleged statements through a third-person, to the effect that defendant was the one who should testify on the matter if he wanted the jury to consider it.

The motion for reconsideration filed on July 26, 1963 is therefore denied.