**Gregorio Sanchez TORRES, Petitioner,**

**v.**

**Gerardo DELGADO, Warden of the Penitentiary of the Commonwealth of Puerto Rico, Respondent.\***

**Civ. No. 586–71.**

United States District Court, D. Puerto Rico.

July 3, 1974.

Santos P. Amadeo, Rio Piedras, P. R., for petitioner.

Dept. of Justice, Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

\* Consolidated with:
Saavedra v. Diaz, 721–71; Garcia v. Delgado, 847–71; Lopez v. Concepcion, 133–72; Garcia v. Diaz, 139–72; Robles v. Martinez, 328–72; Flores v. Concepcion, 329–72; Maldonado v. Concepcion, 330–72; Perez v. Martinez, 331–72 (two cases); Damudt v. Melendez, 638–72; Serrano v. Otano, 823–72; Alicea v. Martinez, 153–73; Rodriguez v. Martinez, 172–73; Fernandez v. Gomez, 173–73; Moralez v. Martinez, 239–73; Cintron v. Albarran, 272–73; Medina v. Marrero, 273–73; Diaz v. Martinez, 587–73; Aldarondo v. Labrador, 777–73.

## MEMORANDUM OPINION AND ORDER

TOLEDO, Chief Judge.

Petitioners in these consolidated cases seek their release from the custody of the Commonwealth of Puerto Rico where they have been convicted after jury trials in which less than unanimous guilty verdicts were returned, as allowed under Article II, Section 11, Subsection 2 of the Constitution of Puerto Rico, and provided for by Rule 112, Rules of Criminal Procedure, Title 34, Laws of Puerto Rico Annotated, App. II R. 112.[1] It is alleged that the less than unanimous verdicts violate the constitutional right to trial by jury of the Sixth Amendment to the Constitution of the United States as it is said to apply in Puerto Rico, the due process of law and the reasonable doubt standard.

For the petitioners to succeed it must first be determined that a Federal constitutional right to trial by jury applies to proceedings in the Courts of the Commonwealth of Puerto Rico. In addition, it must also be determined that the right to trial by jury as applicable to defendants in the Courts of the Commonwealth includes the requirement that the verdicts rendered be unanimous, as required in the Federal Courts but not in the State Courts of the United States.[2]

The question of jury trials in criminal cases in Puerto Rico was presented to the Supreme Court of the United States sometime ago in the case of Balzac v. People of Puerto Rico, 258 U.S. 298, 45 S.Ct. 343, 66 L.Ed. 627 (1922). At that time, the court decided that the Sixth Amendment right to trial by jury did not apply to Puerto Rico. The right was said to apply to United States' territories but not to a territory which merely belonged to the United States and was not somehow incorporated into the Union. Puerto Rico was said not to be incorporated, even though its citizens were United States citizens, and an Organic Act of Congress was in force, because Congress would have said so when incorporating Puerto Rico into the Union.

Puerto Rico was distinguished from Alaska[3] and was said to be more like the Philippines, because of the different judicial system and culture. In Balzac, the Constitution of the United States was said to be in force in Puerto Rico. What was at issue was the parts applicable by way of limitation upon the exercise of executive and legislative powers. The answer given was "the guaranties of certain fundamental personal rights", as for example, the right to due process of law.

In the case of Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957), where it was held that civilians accompanying military personnel abroad, when tried by the government have a right to trial by jury, the opinion of the court referred to the doctrine that trial by jury was not applicable to unincorporated territories as one of expediency. Trial by jury was stated to be a fundamental right as a vital barrier against the possible arbitrariness of judges who are part of the government. The doctrine of expediency was stated to be a bad criterion when deciding whether basic rights apply to a situation. In a concurring opinion, Justice Frankfurter placed the issue under the perspective that in the insular cases,[4] the territorial

---

[1]. Article II, Section 11, Subsection 2, reads:
 "In all prosecutions for a felony the accused shall have the right of trial by an impartial jury composed of twelve residents of the district, who may render their verdict by a majority vote which in no case may be less than nine."
 Rule 112 reads:
 "Juries shall be of twelve residents of the district, who shall render a verdict by the concurrence of not less than nine votes."

[2]. See: Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) and Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972).

[3]. See Rassmussen v. U. S., 197 U.S. 516, 25 S.Ct. 514, 49 L.Ed. 862.

[4]. Balzac, supra; Rassmussen, supra; Dorr v. United States, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128; Downes v. Bidwell, 182 U.S. 244, 21 S.Ct. 770, 45 L.Ed. 1088; Hawaii v.

powers of Congress had been weighed to the limitations of fundamental rights, under a frame of expediency.

Despite the strong criticism of the doctrine of expediency leveled by the court in *Reid*, the Court of Appeals for the First Circuit in Fournier v. González, 269 F.2d 26 (1959), stated that *Balzac* was still the law and was not overruled by *Reid*. The *Fournier* court stated that it would be odd to have the People of Puerto Rico more restricted as to what they may legislate than the people of the different states where juries have been legislated to be less than unanimous and less than twelve.

After *Fournier*, in 1968 the Supreme Court of the United States decided the case of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The court in *Duncan* held that the right to a jury trial provided by the Sixth Amendment, applied to the states as a part of the due process of law through the Fourteenth Amendment. After a historical analysis the right to a jury trial in serious offenses was found to be fundamental to the American system of justice and essential to protect the individual from the excesses and arbitrariness of judges and prosecutors. The jury system was said to allow the individual to choose to be tried by the common sense of a jury.

▬ At this time, it would seem to us that what *Reid* failed to move the court in *Fournier* to decide, *Duncan* would. Irrespective of the "incorporated", "unincorporated", and "belonging to" terminology in *Balzac*, the court's basis to hold that the Sixth Amendment trial by jury did not apply to Puerto Rico was one of expediency, because Puerto Rico's system of justice was well developed and different from the Anglo-Saxon system

which includes juries. One other basis for the decision was the court's conclusion at the time that the trial by jury was not one of those "guaranties of certain fundamental personal rights" as the right to due process of law was said to be.

The court in *Reid* strongly criticized the doctrine of expediency and we add that in this day and age, even under such a doctrine of expediency, the denial of the right to a trial by jury for defendants in the Courts of the Commonwealth of Puerto Rico is not justified. This is more so when we consider that the Laws of Puerto Rico have provided for the trial by jury in felony cases, and do so at this time.[5] If the Laws of Puerto Rico have come to include the right to a jury trial, why should such a right be denied constitutional status in Puerto Rico only for the sake of expediency? The other basis for *Balzac* has also lost its force with the passage of time. This right, which in *Balzac* is said not to be included in the "fundamental personal rights" of which due process is one, is considered a fundamental right and a barrier against arbitrariness in *Reid*, and is considered fundamental to the American system of justice, and a part of the due process of law in Duncan v. Louisiana, supra.

But that is not enough and the court must now consider the extent to which the right to trial by jury in serious criminal cases should apply to trials in the Commonwealth Courts, and whether unanimity is required. The Supreme Court has discussed the issue in relation to the states. Justice Fortas concurring in Bloom v. Illinois, 391 U.S. 194, 211, 213, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), made applicable to Duncan v. Louisiana, supra, makes it clear that in

Mankichi, 190 U.S. 197, 23 S.Ct. 787, 47 L. Ed. 1016, and others dealing with the territories acquired by the United States during the imperial era of the turn of the century.

5. Act Jan. 12, 1901, Sections 1–4.
Title 34, Laws of Puerto Rico Annotated, Section 462.

Title 34, Laws of Puerto Rico Annotated, App. II, R. 111.
See also annotation under R. 111, Criminal Rules of Procedure, supra.

his view, when the right to jury trial of the Sixth Amendment is made applicable to the states only the fundamental aspects of jury trial, not the "tail with hide", are included. Justice Fortas considered unanimity as a non-fundamental portion of the right.

In the plurality decision in Baldwin v. New York, 399 U.S. 66, at page 72, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) it is stated that the primary purpose of the right to trial by jury in criminal cases is to prevent oppression from the government, since a jury of laymen is less likely to function as just another arm of the government. That purpose, we add, would still be served by less than unanimous verdicts.

In Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), when deciding that Florida six-person juries are permissible under the Constitution, the Supreme Court makes a historical analysis of prior cases like Thompson v. Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L. Ed. 1061; Patton v. United States, 281 U.S. 276, 288, 50 S.Ct. 253, 74 L.Ed. 854 (1930), and Rassmussen v. United States, 197 U.S. 516, 519, 25 S.Ct. 514, 49 L.Ed. 862 (1905), which stated that twelve person juries were part of the constitutional right to trial by jury. The court found, however, that the analysis should be directed to a determination whether the feature is essential to the purpose of the right to a jury trial and concluded that the purpose was, as discussed above, to prevent oppression by creating a buffer of peers between the government and the individual accused. So analyzed, the number of petit jurors in the panel was found to be irrelevant and not essential to the constitutional right to a trial by jury. Apparently, conscious of what this implied to the issue of unanimity, footnote 46 of the opinion makes it clear that this argument is less strong when the feature

is the requirement that the verdict rendered be unanimous. It is so, the opinion states, because unanimity may serve other purposes, like affecting the burden of proof.

The question of unanimity was faced directly by the court in Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L. Ed.2d 152 (1972) and Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), where the less than unanimous verdicts in criminal cases in the States of Louisiana and Oregon were approved by a divided Supreme Court.

In the *Louisiana* case, the opinion of the court tested the statute against the standards of due process of law and Equal Protection clause of the Fourteenth Amendment.[6] The court concluded that the reasonable doubt standard as required by due process of law is not violated by allowing jury verdicts brought by a substantial but less than unanimous majority of the jurors in a state criminal trial. The court found that unanimity had never been held to be a requisite of due process of law. To the majority of the court "disagreement of three jurors does not alone establish reasonable doubt, particularily when such a heavy majority of the jury, after having considered the dissenters' views, remains convinced of guilt. That rational men disagree is not in itself equivalent to a failure of proof by the State, nor does it indicate infidelity to the reasonable-doubt standard. Jury verdicts finding guilty beyond a reasonable doubt are regularly sustained even though the evidence was such that the jury would have been justified in having a reasonable doubt . . ." (citations omitted).

In the *Oregon* case, a plurality of four Justices state that unanimity is not a part of the Sixth Amendment right to a jury trial and, as such, is not required of the states under the Fourteenth Amendment. To conclude this, the opin-

---

**6.** The Sixth Amendment via Fourteenth Amendment claim was not discussed because the facts in the case were *pre-Duncan*; see

Destefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968).

ion uses a historical analysis similar to the one in Williams v. Florida, supra, and a functional analysis to the effect that the purposes of the right. to a trial by jury [7] are equally met by providing for a unanimous or non-unanimous jury.

Justice Powell concurs in the result that unanimity is not required in the states. However, he disagrees with the proposition that unanimity is not required for the Sixth Amendment right to trial by jury. To reach his conclusion he adopts the analysis used by Justice Fortas in his concurring opinion in *Bloom*, supra, that when a constitutional right is made applicable to the states through the Fourteenth Amendment, it does not have to include all the elements of the right as it applies to the Federal Government; but only those aspects of the right that are fundamental. In this analysis, the requirement of unanimity is found not fundamental to the right to trial by jury. It is included in the Sixth Amendment, however, because it was historically so, and the Supreme Court has consistently stated this.[8]

In dissent, Justice Douglas finds hard to understand how, if both derive from the Sixth Amendment, the trial by jury requirement for the states and for the Federal Government can be different. Justice Brennan, in turn, points out that for the majority of the Justices, the Sixth Amendment right to trial by jury is identical when applied to the states and to the Federal Government. They are equally divided, however, in their opinion as to what that right includes, with Justice Powell tilting the balance one way for the states and the other for the Federal Government.

This peculiar situation in which the right to jury trial includes unanimity for the Federal jurisdiction but not for the states, is less peculiar in relation to Puerto Rico. Unlike the states, where the method of applying constitutional rights is through the Fourteenth Amendment, the method for applying the rights to Puerto Rico is undefined,[9] and as stated above, includes a mixture of expediency, fundamental rights, and, as reaffirmed recently,[10] a realization that Puerto Rico and the United States have a Federal relationship, in some ways similar to the states. But, while consideration must be given to the unique history and status of Puerto Rico, rights applicable to the states under the Fourteenth Amendment will be found similarly applicable to the Commonwealth.[11] The requirement of unanimity is not fundamental to the right of trial by jury and, as such, is not applicable to the jury trials in the Courts of the Commonwealth of Puerto Rico.

By reason of the above, the relief sought is denied and the petitions herein are dismissed.

It is so ordered.

---

7. The protection of the individual from corrupt or overzealous officials and the guarantee of a judgment by the common sense of peers.

8. Citing cases such as Andres v. United States, 333 U.S. 740, 748–749, 68 S.Ct. 880, 92 L.Ed. 1055 (1948); Patton v. United States, 281 U.S. 276, 288–290, 50 S.Ct. 253, 74 L.Ed. 854 (1930); Hawaii v. Mankichi, 190 U.S. 197, 211–212, 23 S.Ct. 787, 47 L. Ed. 1016 (1903).

9. But see Acevedo Montalvo v. Hernandez Colon, 377 F.Supp. 1332, D.C.P.R., 1974.

10. Calero-Toledo v. Pearson Yacht, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452, 1974.

11. See Acevedo Montalvo v. Hernandez Colon, supra.