THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER B. ORR, Appellant, Impleaded with WILLIAM GUNN, Defendant.

First Department, February 15, 1935.

*Samuel Segal,* for the appellant.

*LeRoy Mandle* of counsel [*William Copeland Dodge, District Attorney*], for the respondent.

McAVOY, J.  The defendants Walter B. Orr and William Gunn were charged by an indictment with burglary in the third degree. They were convicted of that charge under the first count of the indictment which alleged: "The said Defendants * * * on the 27th day of March, 1934, with force and arms a certain building to wit, the shop of Frank E. Rosenbaum and Philip Hellman, * * * feloniously and burglariously did break into and enter with intent to commit some crime therein, to wit, * * * feloniously and burglariously to steal, take and carry away against the form of the statute in such case made and provided."

The burglarized place of business of Hellman & Rosenbaum was located on the sixth floor of a loft building, No. 335 West Thirty-sixth street, New York, N. Y. A window in that premises opens out upon the roof of 331 West Thirty-sixth street.

The burglary was effected by the breaking of the window located in the Hellman & Rosenbaum space which opened out upon the roof of 331 West Thirty-sixth street, and entering from the roof of 331 West Thirty-sixth street through the broken window.

All the merchandise, consisting of about 300 ladies' suits, was then removed by the burglars through the window and onto the roof of 331 West Thirty-sixth street. The burglars then removed from their depositary on the roof of 331 West Thirty-sixth street all of the ladies' suits, excepting about eighty-nine suits, which a police department detective found on the roof and areaway.

A detective testified that as he entered the rear of defendant's (Orr's) automobile with two others, he observed a skirt (identified as being stolen) lying on the rear seat.

The detectives admit that no search was made of the defendant's automobile prior to taking him into custody; that defendant Orr was at no time seen on the rear seat of his automobile, but only at the steering wheel, thirty-five minutes prior to his arrest.

It was obligatory on the People to prove beyond a reasonable doubt that the defendant Orr had possession of the skirt which was on the rear seat of his automobile prior to the time he was taken into custody. There was no direct testimony or circumstantial evidence otherwise connecting this defendant with the fruit of the crime. As it was required to produce evidence which excluded every other reasonable hypothesis, except that of guilt, we cannot say that the presumption is enough on which to base the finding, even with the proof of defendant's conduct in the vicinity of the place of the crime. It may be that in a new trial the People will be in a position to introduce proof which may establish defendant's guilt. However, on the present record we believe that the verdict is against the weight of the credible evidence.

The judgment of conviction should be reversed and a new trial ordered.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered.