William E. J. Connor, J.
The defendant-appellant is a graduate of Syracuse University and a person who apparently bears an excellent reputation in his community, who was on the 20th day of March, 1957, in the City Court of Hudson convicted of the crime of criminal trespass, and paid a fine of $10. He appeals to this court solely because he believes that the conviction constitutes a blot upon his reputation, which he feels he should not bear.
*804 Criminal trespass is a violation of section 2036 of the Penal Law of the State of New York and is one of the sections of the Penal Law very rarely resorted to, and then only when the evidence is insufficient to convict a person of one of the more serious crimes which grows out of the trespass.
A Mr. Thompson, who resides in the city of Hudson and is a neighbor of a Miss Olive Kober, employed a company of which the defendant is an employee to do some work on his home. It is apparent from the testimony that the Thompsons and Miss Kober are neighbors who bear ill-feeling toward one another. There was, however, no ill-feeling between Miss Kober and the defendant, as the evidence indicates that he did not know her nor she know him. In the course of the performance of the work on the house of Mr. Thompson, the record indicates that the defendant for some time stood about four feet from the house of Mr. Thompson and it was the contention of Miss Kober that he was standing upon her land and defying her. There is no evidence that any harm or danger of any kind was committed or threatened to either the property or the person of Miss Kober, and there is no substantial proof that the place where the defendant stood was in fact the property of Miss Kober.
In order to convict the defendant of any crime, each and every element of the crime must be established beyond a reasonable doubt, and there certainly was insufficient evidence of the boundary line between the two properties to establish ‘ ‘ beyond a reasonable doubt ’ ’ that the place where the defendant stood was the property of Miss Kober. Hence, the conclusion is that the trespass was not established beyond a reasonable doubt.
The distinguishing feature between simple trespass and a criminal trespass is that in the criminal trespass there must be a criminal mind and purpose coupled with the act of trespass (People v. Stevens, 109 N. Y. 159) and even this criminal intent, although it may be established by inference in the case, must be established beyond a reasonable doubt.
I cannot see from the testimony any evidence at all of a criminal intent. Certainly there is no such evidence as would cause it to be established, even inferentially, beyond a reasonable doubt. The conviction is therefore reversed.