Benjamin Gassman, J.
The défendant was convicted after trial of violation of sections 1140 and 483 of the Penal Law. The case was tried before a panel of three Judges and one of the Judges, Monteleone, J., dissented and voted to acquit. Defendant now moves to set aside the conviction and for arrest of judgment on several grounds, to wit: (1) that an infant witness 11 years of age should not have been sworn; (2) that the guilt of the defendant was not established beyond a reasonable doubt; and (3) that the conviction by two out of three Judges (with one Judge dissenting) violated the defendant’s constitutional rights.
I was one of the Judges who voted for conviction. On reviewing the testimony, I am still of the opinion that the guilt of the defendant was established beyond a reasonable doubt. Judge 0 ’Brien likewise voted to convict. However, Judge Monteleone dissented and voted to acquit the defendant on the ground that he had a reasonable doubt as to the defendant’s guilt. While my opinion differed from that expressed by Judge Monteleone, 1 respect his views and am inclined to quote Voltaire in saying: ‘ ‘ I disapprove of what you say, but will defend to the death your right to say it ”.
Were the only question now presented one of fact, to wit, whether the guilt of the defendant was established beyond a reasonable doubt, I would be inclined to deny the motion without comment. However, the last question raised by the defendant presents a serious question of law and cannot be disposed of without detailed discussion.
The defendant contends that a determination of guilt by two of the three Trial Judges, with one Judge dissenting, violates his constitutional rights. He argues that the fact that one of *111 the three Trial Judges voted to acquit was an indication that the verdict was not unanimous and that therefore his guilt was not established beyond a reasonable doubt. The District Attorney, on the other hand, urges that under the provisions of the former New York City Criminal Courts Act, as well as under the present New York City Criminal Court Act, a finding of guilt is authorized by a two-thirds vote of the trial panel.
To the best of my knowledge this is evidently a case of first impression in this State. Through the years, in the trials of criminal cases before the former Court of Special Sessions, and since September 1, 1962 in trials before this court, determinations of both guilt as well as innocence have been made on occasions by the decisions of two out of the three Trial Judges, regardless of the dissent by the third. Of course, the fact that this practice may not have been questioned before does not make it right, if it is unauthorized by the State Constitution. In following that practice, the former Court of Special Sessions acted under the provisions of section 34 of the former New York City Criminal Courts Act, and this court acted under the provisions of section 42 (subd. [4]) of the present New York City Criminal Court Act, which provides: 1 ‘ When a part of the court is held by a panel of three of the judges thereof, any determination, order or judgment of two of them shall be the determination, order or judgment of the court ’ ’.
Is this provision, or was the similar provision contained in section 34 of the old act, violative of the State Constitution?
In order to determine this question, it is necessary to examine the law which governed the former Court of Special Sessions in the City of New York as well as the law which now governs the Criminal Court of the City of New York.
The history of the former Court of Special Sessions in the City of New York was traced in great detail by the late Justice Page in People ex rel. Dembinsky v. Fox (182 App. Div. 642, decided Feb. 1, 1918), starting with the Acts of the Colonial Legislature in 1744 and up to the enactment of the Inferior Criminal Courts Act (L. 1910, ch. 659). By chapter 409 of the Laws of 1941, the latter act was renamed as “New York City Criminal Courts Act”, which governed the jurisdiction and the practice in the Court of Special Sessions in the City of New York until September 1, 1962.
By chapter 697 of the Laws of 1962, the former New York City Criminal Courts Act was repealed and the present New York City Criminal Court Act was enacted. Effective September 1, 1962, the former Court of Special Sessions was abolished and the New York City Criminal Court was created.
*112 While the historical review of the legislation affecting the Court of Special Sessions and the present New York City Criminal Court demonstrates that those courts have differed from courts held in other counties, the question still presents itself, whether, in deciding the guilt or innocence of a defendant, by a two-to-one vote of the three Judges presiding, the court is not violating the age-old American principle that no person shall be convicted of a crime unless his guilt is proven beyond a reasonable doubt.
Article I (§ 2) of the New York State Constitution provides: “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law. The legislature may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense.”
Thus far, the State Constitution provided, in substance, that the right to waive a jury trial in a criminal case is vested only in a defendant, and even a defendant cannot waive a jury trial in a case where the crime charged is punishable by death.
Were there no other article in the New York State Constitution dealing with the trials of crimes, all criminal actions would be triable before a Judge and a jury, except where the defendant waived a jury trial in such cases where jury trials could be waived.
However, article VI (§ 18) of the New York State Constitution, prior to its amendment in 1961, provided: ‘ ‘ Courts of special sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the legislature may authorize them to try such offenses without a jury. ’ ’
Article VI (§ 18) thus modified the constitutional provisions guaranteeing trial by jury where such have theretofore been guaranteed, and authorized the Legislature to confer upon Courts of Special Sessions a jurisdiction that they did not formerly possess. (People v. Cleary, 182 Misc. 302.)
By the vote of the People on November 7, 1961, the old article VI of the Constitution was repealed and a new article VI replaced it, effective September 1, 1962. Section 15 of the new article provided (among other things) for the creation of a city *113 wide Criminal Court in the City of New York. In subdivision c of that section it is provided: ‘ ‘ The court of city-wide criminal jurisdiction of the city of New York shall have jurisdiction over crimes and other violations of law, other than those prosecuted by indictment, provided, however, that the legislature may grant to said court jurisdiction over misdemeanors prosecuted by indictment; and over such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law. ’ ’
Under the authority of the State Constitution, the Legislature, in section 42 (subd. [4]) of the present New York City Criminal Court Act, provided that “ When a part of the court is held by a panel of three of the judges thereof, any determination, order or judgment of two of them shall be the determination, order or judgment of the court ”. In section 41 of the act, however, the Legislature provided that ‘ ‘ All sections of the code of criminal procedure consistent with this act regulating and controlling the practice and procedure of the county courts shall apply, as far as may be, to the practice and procedure in the court, and in each of the parts thereof, and shall regulate and control the practice and procedure of the court, insofar as its jurisdiction and organization will permit.”
What is that “ practice and procedure ”? Under section 428 of the Code of Criminal Procedure, the verdict of a jury must be unanimous (People v. Light, 285 App. Div. 496). If a jury finds itself unable to agree upon a verdict, it can be discharged by the court and the defendant may be tried again before another jury (Code Grim. Pro., § 430). In view of the provisions of section 41 of the New York City Criminal Court Act, should not the verdict of the three Judges — the triers of the facts — be unanimous before a defendant may be convicted 1
No one will claim that a finding of guilt in a case tried before this court can be made unless the guilt of the defendant is established beyond a reasonable doubt. That proposition is so basic that no extensive argument is needed to support it. Section 389 of the Code of Criminal Procedure provides that “ A defendant in a criminal action is presumed to be innocent, until the contrary be proved; and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal.” That section does not limit the protection of the presumption of innocence only to a defendant in a criminal case tried in the Supreme Court or in any of the County Courts. It applies and should apply also to defendants tried in this court as well. And the provision, that “ in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal ”, is *114 likewise not limited to the Supreme Court or to the County Courts. It applies with equal force to cases tried in this court.
Section 389 of the Code of Criminal Procedure was cited as one of the most common of rules by which our statutes have, for a long time, amply protected persons accused of crime against improper verdicts (People v. Katzowitz, 150 Misc. 63). In order to convict, each and every element of the crime charged must be established beyond a reasonable doubt. (People v. Winig, 7 Misc 2d 803; People v. Williams, 140 Misc. 35.) This is true Avhether a charge involves a crime or a mere offense (People v. Pfingst, 1 Misc 2d 890). The evidence must exclude every other reasonable hypothesis except that of guilt (People v. Orr, 243 App. Div. 394). If there is the slightest reasonable doubt as to guilt, the defendant must be acquitted (People v. Matthews, 4 Misc 2d 278).
The above principles of law have been recognized universally and cited Avith approval by our courts again and again. If, therefore, the guilt of a defendant must be established beyond a reasonable doubt, can one truthfully say that, if a trial of a criminal case is had before three Judges in this court and at the conclusion thereof tAvo of the Judges vote for a guilty verdict and the third Judge dissents and votes to acquit, that the guilt of the defendant has been established ‘1 beyond a reasonable doubt ”? It may have been established beyond the reasonable doubt of two of the three Judges, but what of the doubt in the mind of the third?
Of course, if the dissent is based on doubt as to the law, that is one thing. It is a recognized fact that while a defendant in a criminal case is entitled to the benefit of every reasonable doubt on the facts, the People are entitled to the benefit of any such doubt which the Trial Judge may have on the law. (People v. Richter, 182 Misc. 96; People v. Busco, 46 N. Y. S. 2d 859.) Hence, if the dissenting vote is based on a doubt as to the law, the decisions governing 11 reasonable doubt ’ ’ will not apply, for they relate strictly to the function of the jury —the determination of questions of fact.
Assuming, however, that at the conclusion of' a trial before the three Judges, two of them vote to convict while the third Judge says: “I have a reasonable doubt as to the facts ”, by virtue of what provision of law can the defendant be found guilty? The State Constitution, in article VI, provides that trials in this court shall be had before one or more Judges without a jury. To provide for juryless trials is one thing. That, the Constitution gave the Legislature the right to do. But where, in the State Constitution, is there any power given to the Legis *115 ¡ature to strip a defendant of the mantle of innocence by any other means than a unanimous finding of guilt beyond a reasonable doubt?
It required a constitutional amendment to provide for less than unanimous verdicts in civil cases. Not until such an amendment was passed, did the five-sixths rule become effective in Civil Courts. Can it be said that it would take less than a constitutional amendment to provide for a finding of guilt by a two-thirds vote of the tribunal which has the power to determine, not alone questions of law, but questions of fact as well?
Has the Criminal Court the right to convict or acquit by less than a unanimous vote? And in a case where there is one dissenting vote, should not the provisions of sections 428 and 430 of the Code of Criminal Procedure apply? Should there not be a mistrial declared, the court discharged from its obligation to consider the case, and the entire issue be retried before another three-man panel of Judges?
In the absence of any decisions in this State, we seek guidance from decisions of other States. In State of Ohio v. Robbins (189 N. E. 2d 641, decided by the Court of Appeals of Ohio on April 10, 1963) the defendant was charged with arson. He filed a written waiver waiving trial by jury and consenting to be tried before three Judges, as provided for by the Ohio statute. At the conclusion of the trial the defendant was convicted by a vote of two out of the three Judges. The language of the Ohio statute was similar to that used in section 42 of the New York City Criminal Court Act. It provided that “ if tried by a three-judge court, such judges, or a majority of them may decide all questions of fact and law * * ° and render judgment accordingly ”. The Ohio Court of Appeals reversed the conviction, saying: ‘‘ If there is a difference of opinion as to guilt among the three trial judges all of whom are reasonable and experienced, this fact not only suggests that there can be more than one conclusion as to the evidence but it proves it. This fact in and of itself injects reasonable doubt into the case and the State has failed to sustain the burden of proof beyond a reasonable doubt. * * * All members of this court agree that the presumption of innocence and the requirement of proof beyond a reasonable doubt require a unanimous verdict of a three judge court before a verdict of guilty is valid. ’ ’
The question presented on this motion is a question of constitutional law and is not free from doubt. As was pointed out, where the court has a doubt on the law, the People are entitled to the benefit of that doubt. (People v. Richter, supra; People v. Busco, supra.) Moreover, “ legislation should not be declared *116 unconstitutional unless it clearly appears to be so; all doubt should be resolved in favor of the constitutionality of an act ’ ’ (Johnson v. City of New York, 274 N. Y. 411, 430). A court of original jurisdiction should not declare a law unconstitutional unless such conclusion is inescapable (People ex rel. New York Cent. & H. R. R. Co. v. Woodbury, 74 Misc. 130, 140). This question should be determined by a higher court.
This court is mindful of the admonition contained in People v. Reed (276 N. Y. 5, 9) that “ While the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge may have upon the law for, if he makes a mistake on the law, the People have no opportunity or method of reviewing his ruling, as strange as it may seem to us in this enlightened day.”
Accordingly, the defendant’s motion should be denied.
O ’Brien, P. J., and Monteleone, J., concur.
Motion denied.