William C. Hecht, Jr., J.
The defendant has been convicted of sodomy as a misdemeanor, in violation of section 690 of the Penal Law. His conviction was concurred in by two members (O’Brien and G-assman, JJ.) of the three-Judge Bench which tried him, with one member (Phipps, J.) dissenting. Defendant’s sentence of 30 days in the Workhouse was suspended.
The prosecution’s ease consisted of the testimony of the arresting officer that, while stationed in a “ pipe-chamber ’ ’ behind a wall of the men’s toilet of the IND West 4th Street station, he had observed through apertures in the wall the defendant and another engaged in the act of sodomy charged. The officer testified that, after observing the crime, he came around to the front entrance of the men’s room, entered, and arrested both men. When he entered both men were fully dressed and “ zipped up ”.
The defendant took the stand and denied the charge. The defendant’s wife was called to testify regarding their marital relationship, but objection to her testimony was sustained.
Defendant-appellant here alleges that (1) his guilt was not proven beyond a reasonable doubt, (2) it was error to refuse to permit the wife’s testimony, and (3) conviction by a non-unanimous three-Judge Bench was in violation of the defendant’s rights under the Constitution of the State of New York.
*466 We are of the opinion that the trial court properly excluded the offered testimony of the wife. A natural marital relationship between the defendant and his wife would neither prove nor disprove his ability or inclination to perform unnatural acts. Further, there is clearly ample evidence in the record to justify the trial court’s conclusion that defendant’s guilt was proven beyond a reasonable doubt. The conflicting testimony presented solely a question of credibility, which was resolved by the trial court. We find no reason to disturb that resolution.
The last point urged by the defendant presents us with a novel question, upon which there has recently been extensive discussion. In two other appeals, decided herewith (People v. Scifo, N. Y. L. J., April 17, 1964, p. 14, col. 2; People v. Holland, N. Y. L. J., April 17, 1964, p. 14, col. 2), the contention is also raised. Judge Gassmau, a member of the trial court majority in the instant ease, wrote extensively on the subject in People v. Scifo (40 Misc 2d 110) concluding that conviction by a 2-to-l vote is in violation of the defendant’s constitutional rights. The view finds support in the Fordham Law Review (vol. 32, p. 364).
Briefly stated, it is urged that in trial by jury one juror’s vote to acquit precludes conviction ('Code Crim. Pro., § 428). Similarly, a vote to acquit by one of three Judges establishes a reasonable doubt precluding conviction. It is further argued that while the Constitution gives the Legislature authority to provide for trials without ¡jury (N. Y. Const., art. VI, § 18), no power was given “ to strip a defendant of the mantle of innocence by any other means than a unanimous finding of guilt beyond a reasonable doubt ” (People v. Scifo, 40 Misc 2d 110, 115; see, also, State v. Robbins, 189 N. E. 2d 641 [Ohio]).
We do not believe that the reasonable doubt doctrine may serve as a foundation for the argument presented here. The juryless trial, as constitutionally authorized today, no more vitiates the presumption of innocence or the requirement that guilt be proven beyond a reasonable doubt than the defendant’s waiver of a jury trial (NT. Y. Const., art. I, § 2) “ strips him of the mantle of innocence ” or lessens the prosecution’s burden of proof. In either case, “ the court then, in legal contemplation, proceeds as a court and not as a jury.” It cannot be said, therefore, that a decision of the court concurred in by only two of the three Judges sitting is inconsistent with sections 428 and 430 of the Code of Criminal Procedure. The unanimity required under section 428 is by a jury, not by a constitutionally authorized court sitting in judgment without a jury.
*467 So, too, the requirement that guilt be proven beyond a reasonable doubt loses none of its vitality by a verdict of the court, albeit concurred in by only two of its three members. It is to be presumed that the judgment of the court will be arrived at in conformity with, and with respect for, the presumption of innocence and all rights which belong to the accused, regardless of the place or mode of trial.
Proof beyond a reasonable doubt is not explicitly mandated by the 'Constitution. This time-honored and unquestioned doctrine is written into our Code of Criminal Procedure (§ 389). It is argued, however, that “ It required a constitutional amendment to provide for less than unanimous verdict in civil cases ” (People v. Scifo, 40 Misc 2d 110, 115) and no less should be required to authorize conviction by a divided Bench. But a review of the debate and discussion surrounding proposals to require less than a unanimous verdict in jury trials reveals the restricted nature of the question itself. Neither proponents nor opponents of unanimous jury verdicts, both civil and criminal, have espoused any revision in the mode of trial by the court alone. See, e.g., volume 1 of the Revised Record of the Constitutional Convention of 1894, where, during the debate upon a proposed amendment requiring less than a unanimous jury verdict, the following appears:
“ We do not require unanimity in decisions of courts; why require it from juries? ” (p. 765).
“ Now, I ask, in all fairness and in all reason, why, if courts decide upon questions of law and fact by a bare majority verdict, should the rule require that the verdict of a jury can be rendered only upon the unanimous vote of every man in the jury-box? ” (p. 774).
The proposals for revision submitted prior to adoption of the five-sixths rule in civil cases (1935), or waiver of jury trials in criminal cases (1937), reveal the reasoning of the proponents. In the Reports of the Crime Commission submitted to the Legislature in 1930 and 1931 it is stated:
‘ ‘ Unanimous jury verdicts originated with the jury system when juries were impanelled from the defendant’s most intimate neighbors and acquaintances. The necessity and wisdom of the unanimous verdict at that time could not be questioned. In these days jurymen are selected more often because of their lack of acquaintanceship with any of the parties to the action or the attorneys. Under such circumstances it would seem that the application of majority rule would be proper. If there were provision for less than unanimous verdcits it would reduce the *468 number of 1 hung ’ juries and retrials and mistrials, especially in criminal cases. It would place beyond control of a single individual who might be actuated by improper motives or determining in a capricious manner the guilt or innocence of the person charged with crime.” (N. Y. Legis. Doc., 1931, No. 114, pp. 30-31.)
“ This change makes the determinations of juries similar to those of other bodies in the commercial and political world. Majority rule exists in boards of directors and trustees, in the election of public officials and in the decisions of our courts where more than one judge sits.” (N. Y. Legis. Doc., 1930, No. 98, p. 83.) (Emphasis supplied.)
(See, also, N. Y. Legis. Docs. 1935, No. 20, p. 27; 1935, No. 48, pp. 10, 41; 1935, No. 71, p. 8; 1936, No. 20, p. 25; 1936, No. 57, p. 18.)
A review of historical authority (see, e.g., Thayer’s Preliminary Treatise on Evidence “ The Presumption of Innocence in Criminal Cases”, pp. 551-576; 10 Am. L. Rev. 642-664; Proposed Code of Criminal Procedure, 1850, § 443) clearly indicates that the doctrine of reasonable doubt was thoroughly entrenched in our criminal law for many years prior to 1880. The State’s first Code of Criminal Procedure, which became effective September 1,1881, embodied the doctrine in section 389, expressed in that section precisely as it is to this day: “A defendant in a criminal action is presumed to be innocent, until the contrary be proved; and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal.” We believe, therefore, that the authority cited by respondent, People ex rel. Sammons v. Wandell (21 Hun 515 [1st Dept., 1880]) is apposite. In that appeal from a decision of the Court of Special Sessions, the appellant argued that unanimity of the Magistrates was necessary for conviction. The court held (p. 516): “ There is no provision of law requiring such unanimity either for conviction or acquittal. So long as the court had jurisdiction to try and condemn the offender, without the intervention of a jury, it proceeded upon the ordinary principle governing judicial action in banc, viz.: that the judgment of the majority is the judgment of the court. It is not questioned that the statute authorizing this mode of trial for certain petty offenses is constitutional. (Murphy v. People, 2 Cow., 815; People v. Goodwin, 5 Wend., 251.) Under it, the party elects to be tried by the Court of Special Sessions, and, to give effect to his election, expressly waives a jury trial. The court then, in legal contemplation, proceeds as a court and not as a jury. Were this otherwise, the proceedings might, at any *469 moment, be obstructed and, indeed, summarily stopped. A single magistrate could prevent a ruling upon the admission or rejection of evidence, or upon a motion to dismiss. Even after conviction, nonconcurrence as to the punishment would be sufficient to block the wheels of justice. It cannot be said that, in these matters of illustration, the magistrates act as judges, while in convicting they act as a jury. Their functions cannot be severed either in theory or practice. They act throughout as a court. What the law requires is, not the concurrence, but the presence and deliberation of all three.”
The rationale of the holding is no less persuasive when it is considered that under the then (1880) applicable statute (Rev. Stat. of N. Y., part IV, ch. II, tit. Ill, eff. Jan. 1, 1830) trial by the court without jury was elected by the defendant, who waived a jury trial. By its amendment in 1925 section 18 of article VI of the New York State Constitution (prior to repeal and replacement eff. Sept. 1,1962) gave the Legislature authority to provide for the trial of misdemeanors by the Courts of Special Sessions without a jury. This constitutional provision was implemented prior to 1962 by section 31 of the New York City Criminal Courts Act which provided that “ All trials in the court of special sessions * * * shall be without a jury”, and section 34 which provided that each part of that court “ shall be held by one or three justices, and any determination, order or judgment of two of them when three hold court shall be the determination, order or judgment of the court ”. Under the present section 18 of article VI of the New York State Constitution, the Legislature retains the power to authorize courts with jurisdiction over non-indictable crimes to try such crimes without a jury. Implementation is now found in sections 40 and 42 of the New York City Criminal Court Act (eff. Sept. 1, 1962).
It could not be denied that a constitutional amendment would be necessary to abolish less than unanimous verdicts in criminal cases tried before a jury. This is so, as it was in civil cases, because section 2 of article I of the New York State Constitution provides: “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever ”. This provision, prior to applicable amendments, guaranteed, by implication, a unanimous verdict in a jury trial. As stated in the Report of Committee on Proposals to Change the New York Law Which Requires Unanimous Jury Verdicts, submitted to the Annual Meeting of the Federation of Bar Associations of Western New York (June 27,1931, p. 5): “ This provision [art. I, § 2] appeared in our First Constitution, adopted in 1777, and the Courts have determined that it pre *470 serves and guarantees a trial by a common law jury (‘ forming a fairly selected body of his equals ’), determined by the unanimous verdict of the jury, in all cases in which a jury trial was accorded in New York by the statutes or common law in force in 1777.” (Emphasis supplied.)
The constitutional amendment adopted in 1925, authorizing the Legislature to provide for trials without jury in Special Sessions (N. Y. Const., art. VI, § 18) left unaffected the well-established mode of trial before a Special Sessions Bench without a jury. (See 2 Colonial Laws 745 [1732]; 2 Colonial Laws 920, 933 [1736]; L. 1785, eh. 47; L. 1787, ch. 65; L. 1789, eh. 19 ; L. 1801, ch. 70; 2 Rev. Laws 501, 506 [1813]). The guarantee of unanimity, as implied in section 2 of article I applied only to jury verdicts. Authority to provide for juryless trials carried with it no requirement of unanimity of the court.
This interpretation does no violence to the doctrine of reasonable doubt. Logically extended, the theory that a verdict arrived at by a majority vote of the court precludes conviction beyond a reasonable doubt, would necessitate unanimous affirmance by any appellate Bench empowered to review questions of fact as well as law. Can it be said that the vote of one appellate Judge to reverse a conviction on the facts casts any less doubt on the validity of the conviction than the disagreement of one of the Trial Judges? The Court of Appeals of Ohio has recently reversed a felony conviction rendered by a majority of the three-Judge Bench which tried the case after the defendant expressly waived trial by jury (State v. Bobbins, 189 N. E. 2d 641 [Ohio], supra). That court premised its decision on a breach of the statutory rule of reasonable doubt, which it held to be as much a “ fundamental right ” as if it were expressly in the Constitution. But is the court’s language any less applicable to appellate court review than to the trial court’s verdict? “ If there is a difference of opinion as to guilt among the three trial judges all of whom are reasonable and experienced, this fact not only suggests that there can be more than one conclusion as to the evidence but proves it. This fact in and of itself injects reasonable doubt into the case and the State has failed to sustain the burden of proof beyond a reasonable doubt ” (p. 643). Contrary to the holding of the Ohio court, we do not believe we deny the obligation of the prosecution to prove guilt beyond a reasonable doubt when we constitutionally authorize trials without juries while retaining the court’s power to render judgment without unanimity of the Judges, either at trial or upon appeal.
*471 Parenthetically, regarding the contention that the reasonable doubt doctrine itself mandates unanimity, we may take note of the opinion by the United States Court of Appeals for the First Circuit in Fournier v. Gonzales (269 F. 2d 26 [1959], cert. den. sub nom. Sampedro v. Puerto Rico, 359 U. S. 931). Holding that a conviction by less than a unanimous vote of the jury, authorized by the Puerto Rican Code of Criminal Procedure, was not a denial of due process, the court stated (p. 28):
“We may assume that the presumption of innocence is a distinct, federally protected constitutional right of a criminal defendant in Puerto Rico, and further, that it is of the essence of due process that the guilt of the accused must be established by the government beyond a reasonable doubt. Still we are unable to see how these rights may be involved in a permission to the jury to return a verdict upon the basis of a concurrence of less than all the jurors. Though the charge to the jury is not included in the present record, the judge must have charged that the defendant is entitled to a presumption of innocence, and the oath taken by each juror must have required him to be convinced of the defendant’s guilt beyond a reasonable doubt before voting for a verdict of guilty. At least, if such a charge and oath were not given, and the defendant duly excepted, that is a matter to be raised on appeal from the conviction. Under the Puerto Rican procedure, a single disagreeing juror could not by himself cause a hung jury, but this does not mean that the defendant was presumed to have been any the less innocent until proven guilty, or that those ten jurors who did vote for a verdict of guilty were not satisfied of guilt beyond a reasonable doubt.
“ Curiously enough, if the present case had arisen in one of the states of the Federal Union, it is clear that the Supreme Court of the United States would not hold that the due process clause in the Fourteenth Amendment guaranteed a unanimous verdict. Walker v. Sauvinet, 1875, 92 U. S. 90, 92-93, 23 L. Ed. 678; Maxwell v. Dow, 1900,176 U. S. 581, 20 S. Ct. 448, 44 L. Ed. 597. In the latter the Court said, 176 U. S. at pages 604-605, 20 S. Ct. at page 457:
“ ‘ It appears to us that the questions whether a trial in criminal cases not capital shall be by a jury composed of eight instead of twelve jurors, and whether in case of an infamous crime a person shall only be liable to be tried after presentment or indictment of a grand jury, are eminently proper to be determined by the citizens of each staté for themselves, and do not come within the clause of the amendment under consideration. *472 so long as all persons within the jurisdiction of the state are made liable to be proceeded against by the same kind of procedure and to have the same kind of trial, and the equal protection of the laws is secured to them. * * * The right to be proceeded against only by indictment, and the right to a trial by twelve jurors, are of the same nature, and are subject to the same judgment, and the people in the several States have the same right to provide by their organic law for the change of both or either. * * * There is no reason to doubt their willingness or their ability to do so, and when providing in their Constitution and legislation for the manner in which civil or criminal actions shall be tried, it is in entire conformity with the character of the Federal government that they should have the right to decide for themselves what shall be the form and character of the procedure in such trials, whether there shall be an indictment or an information only, whether there shall be a jury of twelve or a lesser number, and whether the verdict must be unanimous or not. These are matters which have no relation to the character of the Federal government.’
“ In addition to the cases cited, see State of Missouri v. Lewis, 1879,101 U. S. 22, 31, 25 L. Ed. 989; Hurtado v. People of State of California, 1884,110 U. S. 516, 4 S. Ct. Ill, 292, 28 L. Ed. 232; Brown v. State of New Jersey, 1899, 175 U. S. 172, 20 S. Ct. 77, 44 L. Ed. 119; Twining v. State of New Jersey, 1908, 211 U. S. 78, 29 S. Ct. 14, 53 L. Ed. 97; Jordan v. Com. of Massachusetts, supra, 1912, 225 IT. S. 167, 32 S. Ct. 651, 56 L. Ed. 1038; State v. Osbourne, 1936,153 Or. 484, 57 P. 2d 1083. Perhaps it is because of these cases that Fournier disavows any reliance on the Fourteenth Amendment.” (Emphasis supplied.)
The court rejected, as “ wholly unsupported by authority ”, the proposition in Hibdon v. United States (204 F. 2d 834 [6th Cir., 1953]), that “ proof beyond a reasonable doubt is a part of due process of law, and implicitly requires a unanimous verdict”. (Fournier v. Gonsalez, 269 F. 2d 26, 29, supra.)
Regardless of whether the doctrines of reasonable doubt and unanimity of jury verdicts are in pari materia, we hold there is no support in law for holding the majority decision of a court to be unconstitutional.
This view is in accord with the fundamental democratic principle of majority rule, and with the basic considerations of the nature of the judicial process. After a three-Judge court has duly heard and jointly considered a case, it is the duty of each Judge to decide on the facts in accordance with the promptings of his conscience, and with unalloyed intellectual honesty. If such consideration leads him to conclude that the *473 defendant is guilty beyond a reasonable doubt, then he has no choice but to vote to convict. The mere circumstances that another Judge thinks otherwise, cannot and should not then change his determination. Having reached a final conclusion on the law and facts, he would have to stultify himself to vote contrary to his conscientious convictions.
Hence, where two such Judges concur, even though the other (also with genuine conscientiousness) believes otherwise, the judgment of the court (in the absence of positive statutory or constitutional provision decreeing otherwise) must be a finding that the defendant is guilty beyond a reasonable doubt.
The judgment of conviction should be affirmed.
Concur — Gold, J. P., and Tilzer, J.
Judgment of conviction affirmed.