Scileppi, J.
Defendants were convicted of petit larceny by the Criminal Court of the City of New York. We have concluded that their conviction was based on sufficient legal evidence. The only point that requires comment is the contention raised by defendants Frank and Salvatore Yerderosa that they could not have been found guilty beyond a reasonable doubt because of the dissent on the facts registered by one of the Judges on the three-judge panel.
The issue has received considerable attention recently as the result of the opinion in People v. Scifo (40 Misc 2d 110). The question is novel to this court and constitutes an attack upon a long-established practice in this State (see People *205 ex rel. Sammons v. Wandell, 21 Hun 515). Simply stated, the question posed is whether the rule that the prosecution must prove a defendant’s guilt beyond a reasonable doubt requires a unanimous decision by a three-Judge Bench. It can best be resolved, we think, by bearing in mind that the reasonable doubt rule is a concept separate and distinct from, and not interwoven with, the requirement of unanimity (see Fournier v. Gonzalez, 269 F. 2d 26). The reasonable doubt rule is a rule of evidence which deals only with the quantum of proof necessary to convict; it has nothing to do with the procedure by which the determination is made that this burden of proof has been sustained. True, a jury verdict in a criminal case must be unanimous, but this is because unanimity is an essential element inherent in the right to trial by jury guaranteed by our Constitution (N. Y. Const., art. I, § 2; see Patton v. United States, 281 U. S. 276, 288), which right does not apply to misdemeanors triable in the New York City Criminal Court (formerly the Court of Special Sessions) (People ex rel. Frank v. McCann, 253 N. Y. 221). Nor is there any other provision in our Constitution which requires unanimity of decision by a panel of three Judges. Absent such a requirement, the Legislature could select, consistent with due process, any decision making procedure for these courts it desired. The embodiment of this choice is found in subdivision (4) of section 42 of the New York City Criminal Court Act, which provides: ‘‘ When a part of the court is held by a panel of three of the judges thereof, any determination, order or judgment of two of them shall be the determination, order or judgment of the court ”. Thus, while a defendant must be found guilty beyond a reasonable doubt in trials before a panel of three Judges, just as elsewhere, the procedure used to reach a determination that the proof complies with the reasonable doubt standard is the concurrence of two or more of the Judges sitting. What was said in People ex rel. Sammons v. Wandell (21 Hun 515, 516, supra) is pertinent here: “ So long as the court had jurisdiction to try and condemn the offender, without the intervention of a jury, it proceeded upon the ordinary principle governing judicial action in banc, viz.: that the judgment of the majority is the judgment of the court. * * * *206 They act throughout as a court. What the law requires is, not the concurrence but the presence and deliberation of all three.” (See, also, People v. Sanabria, 42 Misc 2d 464.)
The contention that a dissent by one of the Judges on the panel in itself demonstrates the existence of reasonable doubt sufficient to prevent conviction cannot stand on comparison with the power exercised by this court in reviewing convictions in capital cases. In these events we are charged with the duty to “ examine the evidence to determine whether in our judgment it has been sufficient to make out a case * * * beyond a reasonable doubt” (People v. Crum, 272 N. Y. 348, 350). If one of the members of this court, or even three of the members, dissents on the ground that the evidence failed to measure up to the required standard, it can scarcely be said that reasonable doubt exists, and the conviction must be reversed. And this is because our procedure for determining the existence of reasonable doubt is also by majority vote.
The judgment appealed from should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Bergan concur.
Judgment affirmed.