■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS WEBSTER, Appellant. [613 NYS2d 12] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered July 8, 1992, convicting defendant, after jury trial, of sexual abuse in the first degree and sentencing him, as a second felony offender, to a term of from 3½ to 7 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, the People's evidence clearly established defendant's guilt beyond a reasonable doubt (People v Malizia, 62 NY2d 755, cert denied 469 US 932). The evidence established that defendant, who was considerably older, larger and stronger than his 12-year-old daughter, threatened that he was "going to show [her] how to tongue kiss", followed her into the kitchen where she was alone, came up behind her, pushed his body up against her, then "wiggl[ed] his penis in [her] lower back", right above her buttock while she pleaded for him to "move" away. The People's evidence provided sufficient proof of forcible compulsion by use of physical force (People v Yeaden, 156 AD2d 208, lv denied 75 NY2d 872).

The trial court did not abuse its discretion when it released the jury over the weekend, after it had reached its verdict but before it could be announced, because a juror was rushed to the hospital. On Monday, the court recorded the verdict in the presence of the entire jury. By deliberately absenting himself from the courtroom on the day the verdict was to be recorded, defendant forfeited his right to be present (People v Sanchez, 65 NY2d 436). Defendant's whereabouts could not be determined and the court waited more than an hour before taking the verdict (People v Rodriguez, 174 AD2d 405, lv denied 78 NY2d 1080).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Ross, Rubin and Tom, JJ.