■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MONROIG, Appellant. [637 NYS2d 451] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 22, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly ordered the courtroom sealed during the testimony of an undercover police officer. The officer testified that she would be returning to the area of the defendant's arrest, had received threats, had pending cases, and had lost subjects. In contrast to *People v Alvarado* (223 AD2d 712 [decided herewith]), the record in this case clearly reflects that the undercover officer was still involved in undercover operations in the 72nd Precinct, including the Sunset Park area where the defendant was arrested.

Thus, the officer sufficiently specified grounds justifying her fear for her safety in the event she were to be required to testify in open court as required under *People v Martinez* (82 NY2d 436; *see also, People v Mitchell*, 209 AD2d 444).

The trial court improperly permitted the People to bolster their identification testimony by allowing a member of a so-called "buy and bust" back-up team to reiterate the contents of the undercover police officer's radio transmission describing the defendant (*see, People v Briggs*, 156 AD2d 574). Nevertheless, given the overwhelming evidence of the defendant's guilt, the error was harmless (*see, People v Crimmins*, 36 NY2d 230, 241-242).

Nor did the trial court improvidently exercise its discretion in refusing to sequester the jury over a weekend. Before the verdicts were completely read into the record one of the jurors had an epileptic seizure. The trial court sealed the verdict and admonished the jury not to discuss the case until the verdicts could be fully read on Monday, when the juror who fell ill could rejoin the proceedings. In a very similar case, the Appellate Division, First Department found that the trial court did not err in permitting the jury to go home over a weekend after a juror was rushed to the hospital just before the verdict was to be recorded (*People v Webster*, 205 AD2d 312). Although a jury must be sequestered "during deliberations" (*People v Coons*, 75 NY2d 796, 797; CPL 310.10), here deliberations had been completed when the jury was permitted to go home.

The remainder of the defendant's contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.