■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REINALDO MIRANDA, Appellant. [697 NYS2d 634] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered November 7, 1996, convicting him of robbery in the first degree (three counts), burglary in the first degree, rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly concluded that the lineup from which he was identified was not impermissibly suggestive. There is no requirement that the participants in a lineup be nearly identical in appearance (*see, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). The fillers were sufficiently similar to the defendant in appearance so that he was not singled out for identification (*see, People v Longshore,* 249 AD2d 565; *People v Lopez,* 209 AD2d 442; *People v Baptiste,* 201 AD2d 659). Consequently, the defendant's motion to suppress the lineup identification by the complainant was properly denied.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is mostly unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Gaimari,* 176 NY 84, 94; *People v Garafolo,* 44 AD2d 86, 88).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 86).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.