■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN REDDI, Appellant. [697 NYS2d 534] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Fisher, J.), rendered December 18, 1996, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 12268/95, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Hanophy, J.), rendered December 19, 1996, convicting him of a violation of probation under Indictment No. 10373/91, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fifth degree.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, during the trial under Indictment No. 12268/95, the court properly Ordered the courtroom sealed during the testimony of an undercover police officer. The officer testified that he would be returning to the area of the defendant's arrest as an undercover officer, and that he had received several threats from the family and friends of someone he had shot and who resided in close proximity of the courthouse. Based upon this testimony, the trial court did not improvidently exercise its discretion in closing the courtroom during the officer's testimony to all persons but the defendant's family, attorneys, and police officers (see, People v Martinez, 82 NY2d 436, 443; People v Pearson, 82 NY2d 436, 443; People v Monroig, 223 AD2d 730, 731; People v

*Arroyo,* 208 AD2d 940; *People v Crowder,* 207 AD2d 559, 560; *People v Reece,* 204 AD2d 495, 496).

The defendant's contentions of prosecutorial misconduct during the summation are largely unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the challenged comments do not require reversal. A prosecutor has broad latitude during summation, particularly when responding to the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396), and the challenged remarks here can be characterized as fair response to the defense counsel's summation (*see, People v Rosario,* 195 AD2d 577; *People v Rivera,* 158 AD2d 723).

The defendant's remaining contentions are either without merit or unpreserved for appellate review and, in any event, are without merit. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.