THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOPHIA VALENTINE, Appellant. [711 NYS2d 725] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered July 2, 1998, convicting her of robbery in the first degree (two counts), robbery in the second degree (two counts), attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress identification testimony. Although the fillers used in a lineup should be reasonably similar in appearance to the defendant, there is no requirement that a defendant be surrounded by individuals who are nearly identical to him or her in appearance (*see, People v Chipp,* 75 NY2d 327; *People v Miranda,* 265 AD2d 507; *People v Wallace,* 261 AD2d 493). Contrary to the defendant's contention, the lineup participants were not noticeably different in skin tone, and were sufficiently similar to her in appearance so that she was not singled out for identification (*see, People v Miranda, supra; People v Wallace, supra*).

The defendant's claims of prosecutorial misconduct during summation are largely unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Banks,* 258 AD2d 525). In any event, the challenged comments were a fair response to the defense summation (*see, People v Galloway,* 54 NY2d 396; *People v Garcia,* 268 AD2d 596; *People v Reddi,* 266 AD2d 406), and did not unduly prejudice the defendant (*see, People v David,* 266 AD2d 228; *People v Stith,* 215 AD2d 789). Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.