THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAKIA ODOM, Appellant. [717 NYS2d 314] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered December 1, 1998, convicting him of rape in the first degree (two counts), robbery in the first degree (nineteen counts), endangering the welfare of a child (six counts), attempted robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly concluded that the lineup in which he was identified by 11 of his victims was not impermissibly suggestive. There is no requirement that the participants in a lineup be nearly identical in appearance to the defendant (*see, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). The fillers sufficiently resembled the defendant so that he was not likely to be singled out for identification (*see, People v Miranda,* 265 AD2d 507). Moreover, a five-man lineup is not constitutionally impermissible (*see, People v Norris,* 122 AD2d 82, 84).

The trial court properly refused to give a missing witness charge in connection with the absence of a 13-year-old girl who had been robbed by the defendant, since her testimony would have been cumulative to the testimony of her aunt (*see, People v Gonzalez,* 68 NY2d 424, 427-428; *People v Buckler,* 39 NY2d 895; *People v Lucas,* 177 AD2d 599).

The defendant's remaining contention is unpreserved for appellate review (*see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245; CPL 470.05 [2]), and, in any event, is without merit. The defendant failed to prove by a preponderance of the evidence that his gunpoint robbery of three sisters was actually committed with a toy weapon (*see, People v Gilliard,* 72 NY2d 877, 878; *see also, People v Maldonado,* 175 AD2d 698; Penal Law § 160.15 [4]). Bracken, J. P., Altman, Friedmann and Krausman, JJ., concur.