# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1199

KA 08-02020

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TYRONE L. MEMBERS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered August 15, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), criminal possession of a weapon in the second degree (four counts) and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court improperly accepted the verdict from 11 jurors. Shortly before 6:00 p.m. on a Friday, after the parties were released for a dinner break, the jury sent a note to the court indicating that it had reached a verdict. The jurors' dinners arrived and within minutes the jurors knocked on the locked door vigorously when one of the jurors experienced a seizure. That juror was rushed to the hospital. When the parties thereafter reassembled in the courtroom, defendant objected to the substitution of an alternate juror and moved for a mistrial. The court, over the objection of defendant, took the verdict of guilty from the remaining 11 jurors, polled them, accepted their verdict, and directed that they return on Monday morning to ascertain whether the missing juror had rendered the same verdict.

Over the weekend, the court contacted the missing juror and on Monday relayed to counsel the substance of its ex parte conversations with that juror. Defendant renewed his motion for a mistrial. In the presence of the full jury, the court set forth the events of Friday evening and explained what had transpired: "I brought the jury back and went through kind of a questioning of each of the jurors as a group and individually. I took the verdict. Had the foreman announce

the verdict to the jury . . . And the foreman of the jury indicated that the verdict of the jury was guilty on all counts, all 7 charges in the indictment." The court asked the attorneys if that was a correct representation, and they agreed. Then the court asked the missing juror if that was his verdict, to which he replied, "Yes." At defendant's request, the jurors reaffirmed their verdict on all counts.

The court's attempt to avoid a mistrial at the conclusion of this double homicide trial is understandable. However, "under our State Constitution a person accused of a crime is entitled to determination by a jury of 12" (*People v Page*, 88 NY2d 1, 5; *see* NY Const, art I, § 2), unless he or she waives that constitutional right in writing and in open court (*see People v Gajadhar*, 9 NY3d 438, 441). It is undisputed that defendant did not waive that right here. Additionally, the verdict must be unanimous (*see People v Garvin*, 90 AD2d 682, 683; *see also People v DeCillis*, 14 NY2d 203, 205). "The verdict of a juror should be free and untrammeled . . . [and] the court must not attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict" (*People v Faber*, 199 NY 256, 259; *see People v LaValle*, 3 NY3d 88, 124). Moreover, when "the trial court record[s] and accept[s] the verdict, the verdict [becomes] final and binding" (*People v Johnson*, 287 AD2d 274, 274, *lv denied* 97 NY2d 705; *see* CPL 310.80; *see also People v Khalek*, 91 NY2d 838, 840).

We conclude that the court erred in accepting the verdict from 11 jurors. When the juror became unavailable, the court could have recessed the proceeding over the weekend and reconvened on Monday for the rendition of the verdict (*see People v Monroig*, 223 AD2d 730, 731, *lv denied* 88 NY2d 1022; *People v Webster*, 205 AD2d 312, 312, *lv denied* 84 NY2d 834). Alternatively, the court could have inquired whether defendant would waive in open court and in writing his constitutional right to be judged by 12 jurors (*see Gajadhar*, 9 NY3d at 441). Either postponement of the rendition of the verdict or defendant's written waiver pursuant to *Gajadhar* would have avoided the result we must reach. The judgment of conviction must be reversed and a new trial granted.

In view of the fact that we are granting a new trial, we need not address defendant's remaining contention regarding the court's ex parte communications with the ill juror.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court